New York County.— HON. D. C. CALVIN, Surrogate.—
June, 1878.

MATTER OF LESLIE.

*In the matter of the final accounting of* ALEXANDER
M. LESLIE, *executor, &c., of* GEORGE LESLIE, *de-
ceased.*

A claim against the executor, in favor of the estate, and which he has included in the inventory, and in his final account, may be passed upon by the auditor to whom the account is referred, although, from the facts admitted to exist, the executor disputes his liability thereon.

In the absence of evidence tending to show that a legacy to the executor was intended to be a release of his indebtedness to the estate, the presumption is to the contrary.

THE report of the auditor in the final accounting of Alexander M. Leslie, executor, found that the executor

admitted an indebtedness to the estate upon certain promissory notes existing at the death of the testator, July 3, 1873, with interest to that date, amounting to $9,035.41, and that it appeared from the testimony that he was further indebted for sums of money loaned and advanced to him in the life time of the testator; of $300 loaned and advanced November 22, 1869, with interest from that date; for like advance, December 24, 1869, $500; December 29, the same year, $300; February 25, 1870, $200; March 9, 1870, $200; December 24, 1872, $500; and that he was indebted in the last four sums named, with interest from the dates thereof; that by the will of the deceased the said executor was given a legacy of $10,000 over and above specific legacies, and that he had received and appropriated that sum to his own use, notwithstanding the aforesaid indebtedness to the estate.

THOS. STEVENSON, *for the executor.*

RICHARD O'GORMAN, *opposed.*

THE SURROGATE. — On the motion to confirm the report of the auditor, the counsel for the executor claimed that the auditor had no authority to pass upon the claims of the estate against the executor, as they were disputed; and that the giving of the legacy was evidence that the deceased did not intend to enforce the payment of his claims against the executor.

It appears, however, that the claims against the executor were not only included in the inventory, but inserted as subsisting claims in the account rendered by the executor, and there is no pretence, on

his part, that he has ever paid any of said claims, nor is there any evidence that the sums thus advanced by the testator were intended as gifts.

Considerable stress is laid by the executor's counsel upon the authority of Aden v. Smith (5 *Ves.*, 340), where it was held that the legatee was entitled to his legacy discharged from the debts due by him to the testator, upon evidence from the testator's accounts, letters and memoranda, in his handwriting, strongly tending to show that it was so intended by the deceased at the time when he made his will. The facts tending to show that intention constitute the material distinction between that case and the present, for in this case there is no evidence tending to show that the legacy was intended to be a release of the indebtedness referred to.

*Roper on Legacies* (vol. 2, p. 1062, 2d American ed.) lays down the rule that where a creditor bequeaths a legacy to a debtor in his will, and either does not notice the debt, or mentions it in such a manner as to leave his intention doubtful, and after his death securities for the debt are found uncancelled among the testator's property, courts of equity do not consider the legacy to the debtor as necessarily, or even *prima facie,* a release, or extinguishment of the debt, but require evidence clearly expressive of the intention to release. If such intention does not appear clearly expressed or implied on the face of the will, evidence from other sources will be admitted, and the learned author proceeds to examine, with great particularity and research, the numerous authorities sustaining that doctrine. This doctrine is fully

sustained by the authorities cited, and without further examination of the question, I am of the opinion that the auditor's report should in all things be confirmed.

Let a decree accordingly be entered.