Richardson *v.* Keel.

J. W. RICHARDSON, Adm'r, *v.* JOHN W. KEEL *et al.*

LIMITATION, STATUTE OF. *Administrator. Distributee.* The share of a distributee in either personal or real estate cannot be appropriated by the administrator to a debt claimed to be due from the distributee to the intestate, shown to be barred by the statute of limitation. when the defense is pleaded and relied upon.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

JARNAGIN & FRAYSER for complainants.

HEISKELL, WEATHERFORD & HEISKELL for defendants.

MCFARLAND, J., delivered the opinion of the court.

The original bill in this case was filed to administer the estate of E. T. Keel, deceased, as an insolvent estate—the insolvency having been suggested. In fact, however, as may be inferred from the allegations of the bill and subsequent proceedings, the estate is not insolvent, though the allegations are that the personal estate will be insufficient to pay the debts.

Sometime after the bill was filed, to-wit, on the 24th of February, 1881, the administrator filed what is styled a petition in the cause against Samuel Keel, a son of the intestate and an heir and distributee of

his estate, setting up that said Samuel was indebted to the intestate in the sum in the amount of two accounts; the first for the sum of $4,547.12, "by account current down to December 3, 1873"; the other by "account current after that date down to August 6, 1876, for $2,636.05." Petitioner avers that he knows of nothing belonging to said Samuel (who is non-resident) within the jurisdiction of the court out of which to collect said debts. He therefore prays that he have a decree for the satisfaction of these debts out of the distributive share of said Samuel in his father's estate, if the estate prove insolvent, and also that it be declared a lien upon said Samuel's share of the real estate. No attachment, however, was prayed for or issued. Samuel Keel answers the petition, without objection to the form of the remedy. He pleaded the statute of limitations of six years to the first account; admitted the correctness of the second, but set up matters of set-off and counter claim thereto. The matter was referred to the master, who reported the first account barred by the statute of limitations, and after allowing the defendant certain matters of set-off, reported a balance against him on the second account. The complainant excepted to the report, that the first account was barred by the statute of limitations. The solicitor of two of the other distributees moved to have the account re-committed upon an affidavit, which, although in the transcript, was not made part of the record by the bill of exceptions. The chancellor, upon hearing, refused to re-commit the matter, held that the first account was barred by the statute of limita-

Richardson *v.* Keel.

tions of six years, and that the defendant was protected from a recovery on said account; *but that the complainant, as administrator, should retain the distributive share of said defendant in the personal estate to the full extent of said account if necessary for its payment.* He denied the complainant, however, all right to go upon said defendant's share of the realty for the payment of said account.

The decree was against said Samuel for the balance reported against him on the second account, and in this respect there was no appeal.

The complainant specially appealed from that part of the decree holding the demand as to the first account barred by the statute of limitations, and denying the lien claimed for its payment upon the defendant's share of the realty descended. The defendant appealed from that part of the decree allowing the administrator to retain his (defendant's) distributive share of the personalty in payment of the barred account.

The account in question was undoubtedly barred by the statute of limitations of six years. It accrued, according to the allegations of the petition and all the proof, on and before the 3d of December, 1873, when it was finally closed. The other account was opened several years afterwards, and had no connection with the first. The intestate died 12th October, 1879. Administration was granted November, 1879, and the petition in this case filed the 24th February, 1881. This petition, however it be regarded, was the beginning of the suit on the account; we express no opin-

ion as to the propriety of adopting this form of proceeding. No objection having been taken to the form, it may be treated as an original bill, as only in this aspect can it in strictness probably be maintained at all. Although the defendant, Samuel Keel, was a party to the original insolvent bill, it was only as heir and distributee.

No allegation was made in that bill in regard to those debts, and could not properly have been made, for while an insolvent proceeding contemplates that all the creditors should be made or become parties, it does not contemplate that the debtors of the estate should also be made parties for the purpose of collecting the debts. So that the insolvent bill was not the beginning of a suit on the account; but even if it be so considered, the result is the same, as it was not filed until the 21st of April, 1880. There was no attempt to show a new promise or otherwise take the account out of the statute.

The chancellor was, therefore, clearly correct in holding that the suit as to the first account was barred. It seems to us equally clear, however, that his holding that the administrator might, nevertheless, appropriate the distributive share of the defendant in the personal estate of the intestate to the payment of the account, is erroneous. We do not perceive the principle upon which it can be held that while suit upon the claim is barred by the statute so that there can be no judgment or recovery upon it, yet the administrator may appropriate the effects of the defendant which he holds in trust for him, to the payment of

the barred debt. There is nothing in the fact that the debtor, by the death of the creditor, becomes a distributee of his estate. It is indicated in the briefs filed that the holding of the chancellor was based upon the case of *Smith* v. *Gooch,* 5 Lea, 536. But there is nothing in that case to justify such a holding. That was a bill by the distributees of a deceased idiot against the administrator of his guardian. The administrator sought to reopen the settlement of the guardian for the purpose, among other things, of being relieved of certain insolvent notes with which the guardian had charged himself. One of these notes was upon a brother of the idiot, who, upon the death of the latter, became one of the distributees. The opinion holds that the settlement of the guardian should not be reopened, for the reason, among others, that the guardian had not, in his inventory of the notes, claimed that any of the notes were insolvent or doubtful, except in a settlement made some years afterwards the one note referred to is reported insolvent, but a still later settlement included the note and made no claim that it was insolvent, and there was proof that at a still later period the maker of the note was solvent. After stating these facts, the opinion add: " At all events, C. P. Gooch," (the maker of the note in question) " is one of the distributees, and to the extent of his share (which may cover the amount of his note) it will be available." This remark in the opinion seems to have been regarded as a holding that the distributive share of the maker of the note could be applied to its payment, notwithstanding the note was barred by the

statute of limitations.    This seems to be inferred from
the fact that the dates of the settlements given in the
opinion, in which the note was included, show that
the note was in existence for a period long enough
to have created the bar of the statute, and hence the
head note seems to regard the point decided.

But the opinion makes not the slightest allusion to
the statute of limitations as a defense to the note.
It is not clear that the question was so presented or in
issue, that the court could have adjudged the liability of
the maker of the note, or that it intended to do so.. The
opinion was only giving reasons why the credits claimed
by the guardian should not be allowed, and had given
ample reasons, independent of the remark referred to,
and then assumed as an additional reason, that the
note could be realized out of the distributive share of
the maker.    But conceding that the opinion intended
to adjudge that the note of C. P. Gooch should be
deducted from his distributive share in the account
which was prayed for and ordered between the distrib-
utees, still such an adjudication might well rest upon
wholly different grounds from the one indicated.

Whether the court made the adjudication upon the
ground that C. P. Gooch had not pleaded the statute,
or had admitted his liability and willingness to pay
the debt, or that the so-called "note" was a "bill
single" under seal, made before the abolishment of
private seals, as to which no limitation applied; or
that it had been renewed, or that there had been a
promise to pay within the period of limitation, or that
the original note was payable to the idiot, the opinion

does not show. At all events there is nothing in the opinion indicating that the court intended to hold that if the debtor was protected by the statute of limitations from a recovery on the note, his distributive share of the estate might yet be applied to its payment. Such a construction of the opinion is unauthorized. It would have been inadvertent and erroneous if so held.

One species of property can no more be taken than another to pay a debt which the law does not recognize as valid security. The defendant's distributive share in his father's estate is as much his property as any other he may own. The case of *Caldwell* v. *Powell*, 6 Baxt., 82, has no application. That case was decided upon the ground, in substance, that there had been an agreement to set off the mutual demands before either was barred, and this was enforced, although before suit was brought the time necessary to bar the set-off had elapsed.

Finally, it is insisted that the defendant should be held liable for the amount of the account as an advancement, but is distinctly charged to be a debt, and so to have been regarded by both parties.

The decree of the chancellor will be reversed, with costs, upon the point indicated.