CHARLES H. ALLEN, executor, *vs.* JOHN B. EDWARDS.

Essex. November 9. — 30, 1883. W. ALLEN & HOLMES, JJ., absent.

Under the Pub. Sts. *c.* 136, §§ 22, 23, a debt due from a legatee in a will to the testator, an action upon which, at the time of the testator's death, is barred by the statute of limitations, cannot be deducted from the legacy, unless the language of the will clearly shows that the testator intended that such deduction should be made.

APPEAL from a decree of the Probate Court, refusing to grant the petition of the executor of the will of Thomas M. Saunders, to have a debt alleged to be due from the appellee to the testator deducted from a legacy given to the appellee by the will. Hearing before *Field*, J., who affirmed the decree of the Probate Court, and reported the case for the consideration of the full court. If the appellant was entitled to have the debt deducted from the legacy, the decree of the Probate Court was to be reversed, and the case recommitted to determine the amount; otherwise, the decree to be affirmed. The facts appear in the opinion.

*C. Sewall & T. M. Osborne*, for the appellant.

*N. J. Holden*, for the appellee.

DEVENS, J. The question to be decided is whether certain promissory notes, originally due from the appellee to the testator,

upon which no action could have been maintained at the time of the testator's death, by reason of the fact that they were barred by the statute of limitations, are to be deducted from the legacy bequeathed to the appellee. There is no doubt that, by apt words, the testator might have provided that such a deduction should or should not be made, but those used in the will are not inconsistent with either result.* We are left therefore to determine the inquiry by considering what is the proper construction of the statutes under which the Probate Court acted in refusing to direct this reduction, and ordering the legacy to be paid in full. These are found in the Pub. Sts. *c.* 136, §§ 22, 23, which are substantially reënactments of the St. of 1879, *c.* 225, §§ 1, 2, although they vary therefrom in some expressions. These sections, so far as legatees are concerned, are as follows: " A debt due to the estate of a deceased person from a legatee shall be set off against and deducted from the claim of such legatee, and the Probate Court shall hear and determine as to the validity and amount of any such debt, and may make all decrees and orders necessary or proper to carry into effect such set-off or deduction." § 22. " Nothing contained in the preceding section shall prejudice any remedy that an executor may have for the recovery of a debt such as is therein mentioned, nor affect the liability of the legatee for the excess of his indebtedness over the amount of his claim upon the estate to which he is indebted." § 23.

The appellant contends that the only possible reason for the enactment of such a law is to allow the estate of the testator the benefit of any claim justly due from the legatee, but for which no right of action existed. Previously to the enactment of the St. of 1879, the only remedy for the executor, where debts were due from a legatee, was to wait until he brought suit for his legacy, (which he has been able to do since the St. of 1783, *c.* 24, § 17,) and then file such debts in set-off, or himself to commence an independent action on such claims. It was not in

---

* The will of the testator, after disposing of two thirds of his estate, proceeded as follows: " The remaining one third of my estate, both real and personal, is to be divided into twenty equal parts. I then give and bequeath the same as follows: . . . . to my cousin John B. Edwards, if living, if not living at my decease to his children, one twentieth of said one third."

the power of the Probate Court to adjudicate upon the claims against a legatee, or, by its orders, compel him to a reduction of his legacy on account thereof.   Even if we hold, therefore, that the effect of the statute was only to permit a deduction of such claims as could be the subject of suit or set-off in ordinary actions at law, the statute would still have provided a new tribunal for, and a new and less cumbrous mode of ascertaining, the debts due from the legatee, to which either party, by application to the Probate Court, would be entitled.   Such an object, as it would facilitate the adjustment and settlement of estates, might well have been deemed sufficiently important for legislation.

It is said by the appellant, that, in law or in equity, a creditor may collect a debt due him, though barred by the statute of limitations, if he can do so by means of a lien, an appropriation of payments, or the exercise of other legal or equitable rights, without resorting to an action.   *Thayer* v. *Mann*, 19 Pick. 535. *Ramsay* v. *Warner*, 97 Mass. 8, 13.   *Haynes* v. *Nice*, 100 Mass. 327.   He therefore argues that the mode of settlement is not in the nature of an action to recover the debt, and, even if no action at law could be maintained upon these notes, and if they could not be used in set-off to an action at law for the legacy, yet, as one remedy may be barred and another not, the creditor may properly elect the one not barred.   *Lamb* v. *Clark*, 5 Pick. 193.   *Thayer* v. *Mann, ubi supra*.   This remedy he considers to have been provided for him, in that he is permitted to deduct debts barred by the statute of limitations from the fund in his hands, so far as the fund exists.

But if it were intended to provide, not merely a new and convenient method of adjusting the claims which the estate of a deceased person might have against a legatee, but also to provide a method of collecting a debt from him which was previously uncollectible, the statute would have so enacted explicitly. Where private demands were previously subject to the jurisdiction of the Probate Court, as were those of the executor or administrator from necessity, because he could not bring a suit, they were treated substantially as if they were personal actions brought by a third person against him, and the statute of limitations, which would have been a good bar had a third person

been appointed administrator, was a good bar when they were presented by him. *Grinnell* v. *Baxter*, 17 Pick. 383.

The language of the statute does not favor the contention of the appellant. The debt due is to be "set off against and deducted" from the claim of the legatee. The phrase "set off" is technical, and is ordinarily to be applied to claims which could be used in set-off in an action of contract. The Probate Court is also to determine the "validity" of the debt. It would not be within the ordinary meaning of legal language to say that a debt was valid, which was without the strength, force, and effect which would make it good in law, or enable its holder there to enforce it by proper proceedings.

It is further urged, that, as the English Court of Chancery has held, on general principles of equity, that an executor has a right to retain from a legacy a debt due to the testator from a legatee, even though the debt is barred by the statute of limitations, it must have been intended by the Legislature, in enacting the statute we are considering, that the Probate Court, acting on the general principles of equity, would allow the same right of retaining from a legacy the amount of debts barred by the statute of limitations. Apparently the law is held in England as contended by the appellant. *Courtenay* v. *Williams*, 3 Hare, 539; 15 L. J. (N. S.) Ch. 204. *Coates* v. *Coates*, 33 Beav. 249. *In re Cordwell's estate*, L. R. 20 Eq. 644. There is but slight force in the argument, when we observe the difference which exists under our law in regard to legacies. In England, no action at law can be maintained for a legacy, and the courts of equity have always assumed the right to impose the terms on which the beneficiary shall receive it. Lord Kenyon, in refusing to entertain an action at law for a legacy, says: "If an action will lie for a legacy, no terms can be imposed on the party who is entitled to recover; and therefore when the legacy is given to a wife, the husband would recover at law, and no provision could be made for the wife or family; whereas a court of equity will take care to make some provision for the wife in such a case. But the whole of this admirable system, which has been founded in a court of equity, will fall to the ground, if a court of law can enforce the payment of a legacy." In the same case, Mr. Justice Ashhurst adds: "In a

court of law we cannot impose any terms on the party suing; if he be entitled to a verdict, the law must take its course; but a court of equity will impose on the party applying such terms as they think right and according to conscience." *Deeks* v. *Strutt*, 5 T. R. 690.

The case of *Courtenay* v. *Williams, ubi supra,* and other cases cited, proceed on the ground that a legacy is not a debt; that when the estate of the deceased has claims against the legatee, no case of mutual debts is presented, as there is something due as such from the legatee, while nothing is thus due from 'the other. But a different view of a legacy has been taken here. As we have heretofore seen, for many years an action at common law might be maintained to recover it, and actions of assumpsit or contract have been repeatedly so maintained. St. 1783, c. 24, § 17. Rev. Sts. c. 66, § 16. Gen. Sts. c. 97, § 22. Pub. Sts. c. 136, § 19. *Blackler* v. *Boott,* 114 Mass. 24. It can be attached on trustee process. Pub. Sts. c. 183, § 22. *Vantine* v. *Morse,* 104 Mass. 275. It bears interest from the time when it is payable by the terms of the will or by the rules of law. *Kent* v. *Dunham,* 106 Mass. 586. It constitutes a contract which the law implies; and it was held in *Blackler* v. *Boott, ubi supra,* that, although by the Gen. Sts. c. 130, § 2, no demand can be set off "unless it.is founded upon a judgment or upon a contract, but the contract may either be express or implied," a legacy was brought within the statutes of set-off. As before the passage of the St. of 1879, c. 225, there was no practical difficulty in adjusting the rights of legatees and the estates of which they were debtors in one action at law, what that statute aimed to do was to enable such parties to avoid an action at law, and to settle their conflicting claims, to the extent of the legacy, in the Probate Court.

*Decree of Probate Court affirmed.*