1. LIMITATION OF ACTIONS—SET-OFF OF LEGACY AGAINST DEBTS TO TESTATOR
   An executor may retain out of a legacy the amount of a debt due from the legatee to testator, though such debt is barred by limitation.
2. WILLS—LEGACY TO DEBTOR—RELEASE OF DEBT.
   A bequest to a debtor of testator does not, of itself, show an intention to extinguish the debt.

Judicial settlement of the accounts of the executor of the will of Hannah P. Foster, deceased.   Contestants seek to charge the executor with the amount of a note made by Albertus A. Foster to testatrix, his mother, for $150, with interest from July 15, 1892, and that said executor should not be credited with the legacy bequeathed to said Albertus A. Foster.

B. V. Wolf, for executor.
Dill & Cox, for contestants.

McELROY, Special Surrogate.   The note above mentioned was made July 15, 1882, payable one day after date, with interest.   On the 19th day of July, 1889, the testatrix made her will, whereby she bequeathed to her son Albertus A. Foster the sum of $200.   At this time more than six years had elapsed since the making of this note, and no interest, or any part of the principal of said note, had been paid.   Under Schedule B of the account filed, the executor credits himself with the following item: "Promissory note of Albertus A. Foster, by limitation of law not collectible, $150."   Under Schedule G of said account, the executor also credits himself with the following item: "Paid legacy to Albertus A. Foster, $200."   The executor contends (1) that, the statute of limitations having run against the note, the executor could not apply the legacy of $200, or so much thereof as might be necessary to pay said note;   (2) that by the provisions of said will the legacy of $200 was intended to be in addition to any indebtedness her son Albertus A. Foster might owe her.

The statute of limitations only affects the legal remedy, and in no case operates as a discharge or satisfaction of a debt.   It does not even raise a presumption of payment, but is merely a bar to the remedy by action.   That an executor has an equitable lien upon and a right to retain out of a legacy an amount due from the legatee to the testator, and that this right is unaffected by the fact that such debt is barred by the statute of limitations, is well established.   Rogers v. Murdock, 45 Hun, 30, and cases cited.

The testatrix, by her will, disposes of the greater part of her household furniture, beds, bedding, etc., by specific legacies, and the eighth clause of her will is as follows:

"Eighth. I order, direct, and empower my executor hereinafter named to sell, as soon after my death as he shall deem it advantageous to my estate, all the rest and remainder of my personal property and estate, and all the real estate of which I may die seised, at public or private sale, at his discretion, and convert the same into money; and I give, devise, and bequeath the proceeds of the sale of said real and personal property as follows: To my son John S. Foster, the sum of one hundred dollars ($100). To my son Albertus A. Foster, the sum of two hundred dollars ($200). To my husband, George A. Foster, all the rest, residue, and remainder of the proceeds of the said sale of real and personal property and estate, for and during his natural life; and from and after his death I give, devise, and bequeath the same to my own children, share and share alike. I order and direct my said executor, after making the said sale, and paying the legacies to John S. and Albertus A. Foster, to safely invest the balance of the proceeds of said sale, and keep the same safely invested for and during the natural life of my husband, George A. Foster, and pay the interest and income arising therefrom. after deducting legal expenses, to my said husband, George A. Foster, as soon as received."

The executor of this estate was directed to convert the personal property and estate, and all real estate, into money, from which was to be paid the legacies to John S. and Albertus A. Foster. The only question to determine now is, was this note for $150, made by Albertus A. Foster, an asset of this estate? A debt due the testator from one to whom he has given a legacy is an asset of the estate in the hands of the legatee, and is a satisfaction of the legacy, to the extent of such asset. Clarke v. Bogardus, 12 Wend. 69; In re Bogart, 28 Hun, 468; Rogers v. Murdock, 45 Hun, 32; Smith v. Murray, 1 Dem. Sur. 34; In re Colwell, 15 N. Y. St. Rep. 742. When a creditor bequeaths a legacy to his debtor, and either does not notice the debt, or mentions it in such a manner as to leave his intention doubtful, and after his death the security for the debt is found, uncanceled, among the testator's property, the courts of equity do not consider the legacy to the debtor as necessarily, or even prima facie, a release or extinguishment of the debt, but require evidence clearly expressive of the intention to release; and, if such intention does not appear clearly expressed or implied on the face of the will, evidence from other sources will be proper. No evidence, however, was offered on the part of the executor upon this accounting, so we are obliged to determine the intention of the testatrix from her will; and, after a careful examination of this will, I fail to find any expressed intention on the part of the testatrix to give this legacy of $200 to Albertus in addition to the debts he owed the testatrix. At the time she made her will this son, Albertus, owed the testatrix another note for $25, which the account shows to have been collected by the executor, but no mention is made of either note in testatrix's will. While it is true that the testatrix, in plain language, directs that, from the proceeds of sale, John S. is to receive a legacy of $100, and Albertus is to receive a legacy of $200, and the balance is then to be invested for the use of her husband, it is equally true that nowhere in the will does the testatrix say, or even intimate, that in collecting the assets of her estate, and converting the same into money, this executor was not to consider this $150 note as the law says it is, viz. an asset of the estate in the hands of the legatee. In the case of Smith v. Murray, supra, Surrogate Rollins says:

"Nobody would contend that the mere gift of a legacy is of itself, and necessarily, a manifestation of an intent on the part of the testator to remit a debt due him from the legatee." Smith v. Kearney, 2 Barb. Ch. 533, 547–549; Wright v. Austin, 56 Barb. 17; Close v. Van Husen, 19 Barb. 509; Rickets v. Livingston, 2 Johns. Cas. 100.

I am therefore of the opinion that this executor should have applied this legacy of $200 to Albertus A. Foster, or so much thereof as may be necessary, towards the payment of his note for $150, and interest from July 15, 1882, to the date of the death of testatrix, and that the account should be amended and settlement made in accordance with the foregoing, and so order. Decreed accordingly.