WILLIAM H. KIMBALL, Respondent, *v.* FRANK KIMBALL SCRIBNER, as Executor, etc., of HARRIET A. BACON, Deceased, Appellant.

Second Department, November 10, 1916.

Decedent's estate — action to recover legacy — indebtedness of legatee to estate — debt of legatee barred by Statute of Limitations.

Where an action is brought by a legatee against an executor to recover his legacy, one year having elapsed since the granting of letters testamentary, the executor cannot set up as a defense by way of setoff the amount of unpaid promissory notes which the legatee gave to the testatrix and which the executor holds as assets of the estate, if, in fact the Statute of Limitations has run against the notes, which latter defense the plaintiff sets up in his reply.

APPEAL by the defendant, Frank Kimball Scribner, as executor, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 2d day of May, 1916, upon the decision of the court after a trial at the Orange Special Term.

*Nathan F. Giffin,* for the appellant.

*Welton C. Percy,* for the respondent.

CARR, J.:

This appeal presents a very interesting question as to which there seems to be a sharp conflict of authority.   In October, 1914, Mrs. Harriet A. Bacon made her last will and testament by which she bequeathed to her " beloved brother William H. Kimball * * * absolutely the sum of $20,000."   She died

in 1914, and her will was admitted to probate. More than one year having elapsed since the granting of letters testamentary without payment of the legacy, the legatee brought this action to recover the amount thereof from the executor of the testatrix. The defendant executor answered the complaint and set up as a defense that the plaintiff was indebted to the estate of the decedent in the sum of $30,000 arising from the execution and delivery of three separate promissory notes in the sum of $10,000 each, payable to the decedent on demand, each dated May 1, 1895, and all of which remained unpaid, and as to each of which he was a joint and several obligor, together with two other signers. These notes came into the possession of the executor after the death of the decedent, as a part of the assets of the estate, and the defendant executor asserted a right to retain the amount of the legacy in partial payment of the debt upon the notes. The plaintiff served a reply in which he set up the Statute of Limitations against the respective notes.

There was no dispute of fact involved in the case, and the trial court gave judgment for the plaintiff for the amount of his legacy. From this judgment the defendant executor now appeals. I do not find any authority in this State where this question has been decided in an action at law to recover the amount of a legacy. There are numerous authorities, originating mostly in the Surrogates' Courts, arising upon accounting proceedings for a judicial settlement of an estate, where it has been held, following the English Chancery rule, that an executor has the right to retain, as against a legatee, sufficient moneys to discharge an obligation of the legatee to the decedent, even though such obligation was subject to the bar of the Statute of Limitations. (*Rogers* v. *Murdock*, 45 Hun, 30; *Matter of Foster*, 15 Misc. Rep. 175; *Matter of Timerson*, 39 id. 675; *Leask* v. *Hoagland*, 64 id. 156; *Matter of Leslie*, 3 Redf. 280.) These cases all proceed upon the theory that the Statute of Limitations is one of repose only, and does not discharge the debt (*Hulbert* v. *Clark*, 128 N. Y. 295); that the debt is a part of the assets of the estate and that the debtor cannot, in good conscience, demand the payment of his legacy from the estate without contributing to the assets thereof the amount of his indebtedness. There

are, however, authorities in other jurisdictions which hold that in an action to recover a legacy it is not a good defense that the legatee was indebted to the decedent on an obligation as to which the bar of the Statute of Limitations has run. In *Allen* v. *Edwards* (136 Mass. 138) there is a general and valuable discussion of this question, though it did not arise upon an action at law to recover the amount of a legacy, but under a statute regulating administration in the Probate Court. That statute provided, in part, as follows: " A debt due to the estate of a deceased person from an * * * legatee * * * shall be set off against and deducted from the * * * claim of such * * * legatee, * * *; and the Probate Court shall hear and determine as to the validity and amount of any such debt, and may make all decrees and orders which may be necessary or proper to carry into effect such set-off or deduction." (See Mass. Acts of 1879, chap. 225, §§ 1, 2, as revised by Mass. Pub. Sts. chap. 136, § 22; now Mass. Revised Laws, chap. 141, § 23.) It was held that this statute did not authorize a set-off against the legatee of his indebtedness to the estate against which the Statute of Limitations had run, and that a right of set-off or retainer in the executor could not be asserted where a technical set-off was not available and where the executor possessed no specific lien as against the legatee. As before stated, the opinion of the court in that case is comprehensive and apparently well considered. A similar ruling was made in *Holt* v. *Libby* (80 Maine, 329), where the court said that the claim of a legatee for his legacy "is a distinct and independent legal claim. The estate is just as much of a debtor to the indebted legatee as the legatee is to the estate. Each has a legal right and remedy. And a statute-barred debt is no more recoverable by an estate than by any other creditor." The same rule was applied in *Reed* v. *Marshall* (90 Penn. St. 345); *Milne's Appeal* (99 id. 483); *Matter of Light's Estate* (136 id. 211); *Richardson* v. *Keel* (77 Tenn. 74). I think that the reasoning in *Allen* v. *Edwards* (*supra*) is distinctly applicable to the case at bar. It would seem that there can be no longer any sound distinction in legal principle whether this question arises in a Surrogate's Court in a proceeding to distribute an estate, or in an action at law to recover a legacy. Certainly, in this action at law, the

principle has been applied according to the weight of authority and with regard to the substantial weight of reason.

I recommend that the judgment be affirmed, with costs.

JENKS, P. J., THOMAS, RICH and PUTNAM, JJ., concurred.

Judgment affirmed, with costs.