WILLIAM H. KIMBALL, Respondent, v. FRANK KIMBALL SCRIBNER, as Executor, etc., of HARRIET A. BACON, Deceased, Appellant.

*(Supreme Court, App. Div., Second Department, November 10, 1916.)*

DECEDENT'S ESTATE—ACTION TO RECOVER LEGACY—INDEBTEDNESS OF LEGATEE TO ESTATE—DEBT OF LEGATEE BARRED BY STATUTE OF LIMITATIONS.

Where an action is brought by a legatee against an executor to recover his legacy, one year having elapsed since the granting of letters testamentary, the executor cannot set up as a defense by way of setoff the amount of unpaid promissory notes which the legatee gave to the testatrix and which the executor holds as assets of the estate, if, in fact the Statute of Limitations has run against the notes, which latter defense the plaintiff sets up in his reply.

APPEAL by the defendant, Frank Kimball Scribner, as executor, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 2d day of May, 1916, upon the decision of the court after a trial at the Orange Special Term.

Nathan F. Giffin, for the appellant.

Welton C. Perry, for the respondent.

CARR, J.:

This appeal presents a very interesting question as to which there seems to be a sharp conflict of authority. In October, 1914, Mrs. Harriet A. Bacon made her last will and testament by which she bequeathed to her "beloved brother William H. Kimball * * * absolutely the sum of $20,000." She died in 1914, and her will was admitted to probate. More than one year having elapsed since the granting of letters testamentary without payment of the legacy, the legatee brought this action to recover the amount thereof from the executor of the testatrix. The defendant executor answered the complaint and set up as a defense that the plaintiff was indebted to the estate of

the decedent in the sum of $30,000 arising from the execution
and delivery of three separate promissory notes in the sum of
$10,000 each, payable to the decedent on demand, each dated
May 1, 1895, and all of which remained unpaid, and as to each
of which he was a joint and several obligor, together with two
other signers.    These notes came into the possession of the
executor after the death of the decedent, as a part of the assets
of the estate, and the defendant executor asserted a right to
retain the amount of the legacy in partial payment of the debt
upon the notes.    The plaintiff served a reply in which he set up
the Statute of Limitations against the respective notes.

There was no dispute of fact involved in the case, and the
trial court gave judgment for the plaintiff for the amount
of his legacy.    From this judgment the defendant executor
now appeals.    I do not find any authority in this State
where this question has been decided in an action at law to
recover the amount of a legacy.    There are numerous authori-
ties, originating mostly in the Surrogates' Courts, arising
upon accounting proceedings for a judicial settlement of an
estate, where it has been held, following the English
Chancery rule, that an executor has the right to retain, as
against a legatee, sufficient moneys to discharge an obligation
of the legatee to the decedent, even though such obligation
was subject to the bar of the Statute of Limitations.
(Rogers v. Murdock, 45 Hun, 30; Matter of Foster, 15 Misc.
Rep. 175; Matter of Timerson, 39 id. 675; Leask v. Hoagland,
64 id. 156; Matter of Leslie, 3 Redf. 280.) These cases all pro-
ceed upon the theory that the Statute of Limitations is one of
repose only, and does not discharge the debt (Hulbert v. Clark,
128 N. Y. 295); that the debt is a part of the assets of the
estate and that the debtor cannot, in good conscience, demand
the payment of his legacy from the estate without contributing
to the assets thereof the amount of his indebtedness.  · There
are, however, authorities in other jurisdictions which hold
that in an action to recover a legacy it is not a good defense
that the legatee was indebted to the decedent on an obligation

as to which the bar of the Statute of Limitations has run. In Allen v. Edwards (136 Mass. 138) there is a general and valuable discussion of this question, though it did not arise upon an action at law to recover the amount of a legacy, but under a statute regulating administration in the Probate Court. That statute provided, in part, as follows: "A debt due to the estate of a deceased person from an * * * legatee * * * shall be set off against and deducted from the * * * claim of such * * * legatee, * * *; and the Probate Court shall hear and determine as to the validity and amount of any such debt, and may make all decrees and orders which may be necessary or proper to carry into effect such set-off or deduction." (See Mass. Act of 1870, chap. 225, §§ 1, 2, as revised by Mass. Pub. Sts. chap. 136, § 22; now Mass. Revised Laws, chap. 141, § 23.) It was held that this statute did not authorize a set-off against the legatee of his indebtedness to the estate against which the Statute of Limitations had run, and that a right of set-off or retainer in the executor could not be asserted where a technical set-off was not available and where the executor possessed no specific lien as against the legatee. As before stated, the opinion of the court in that case is comprehensive and apparently well considered. A similar ruling was made in Holt v. Libby (80 Maine, 329), where the court said that the claim of a legatee for his legacy "is a distinct and independent legal claim. The estate is just as much of a debtor to the indebted legatee as the legatee is to the estate. Each has a legal right and remedy. And a statute-barred debt is no more recoverable by an estate than by any other creditor." The same rule was applied in Reed v. Marshall (90 Penn. St. 345); Milne's Appeal (99 id. 483); Matter of Light's Estate (136 id. 211); Richardson v. Keel (77 Tenn. 74). I think that the reasoning in Allen v. Edwards (supra) is distinctly applicable to the case at bar. It would seem that there can be no longer any sound distinction in legal principle whether this question arises in a Surrogate's Court in a proceeding to distribute an estate, or in an action at law to recover a legacy. Certainly, in this

action at law, the principle has been applied according to the weight of authority and with regard to the substantial weight of reason.

I recommend that the judgment be affirmed, with costs.

JENKS, P. J., THOMAS, RICH and PUTNAM, JJ., concurred..

Judgment affirmed, with costs.