In the Matter of the Judicial Settlement of the Account of Proceedings of CENTRAL UNION TRUST COMPANY OF NEW YORK, as Executor of the Last Will and Testament of ADELE E. FLINT, Deceased.

Surrogate's Court, Westchester County, March, 1922.

**Executors and administrators — accounting — note of beneficiary held by estate — Statute of Limitations — when beneficiary of trust entitled to have his note eliminated as asset and not used as an offset.**

A decree settling the accounts of the executors of a decedent who died September 19, 1920, offset against the income of a trust fund created by the will a demand note dated January 15, 1913, given by the beneficiary of the trust fund to the decedent. Upon opening the decree to permit the maker of the note to defend, it appeared that he had been without the state for a portion of the time but not enough to avoid the Statute of Limitations. *Held*, that the note was barred by the running of the Statute of Limitations and that the decree should be modified by eliminating the note as an asset of the estate and also by the elimination of the provision requiring an offset of the same against the income due the maker of the note from the trust fund.

PROCEEDING for final settlement of accounts.

*Clarence DeWitt Rogers,* for William H. Flint.

*Miller, King, Lane & Trafford,* for executor.

*DeForest Brothers,* for Presbyterian Hospital.

SLATER, S. The decree upon this accounting was opened for the purpose of permitting William H. Flint to appear and defend in accordance with section 217 of the Civil Practice Act, and sections 20 and 314 of the Surrogate's Court Act. The decree had offset a certain demand note dated January 15, 1913, for $1,750, made by William H. Flint to the decedent. The decedent died September 19, 1920. Some evidence was offered indicating that William H. Flint had been without the state of New York for a portion of the time, but not for enough time to avoid the Statute of Limitations. Consequently, the note is barred by the running of the Statute of Limitations. *Matter of Schaeffer Estate,* (Cal.) 200 Pac. Rep. 508. It is, however, contended by the executors that the running of the Statute of Limitations makes no difference; that the statute is one of repose. This is the English rule and is based on the theory that there is in substance not a set off, but a retention of part of the fund in the course of distribution. *Matter*

*of Foster,* 38 Misc. Rep. 347; *Leask* v. *Hoagland,* 64 id. 156. The trend of American authorities is away from the English view. *Allen* v. *Edwards,* 136 Mass. 138; *Kimball* v. *Scribner,* 174 App. Div. 845; 35 Harvard Law Review, 340, Jan. 1922. Justice Carr in *Kimball* v. *Scribner, supra,* writing for the court, said: " I think that the reasoning in *Allen* v. *Edwards (supra)* is distinctly applicable to the case at bar. It would seem that there can be no longer any sound distinction in legal principle whether this question arises in a Surrogate's Court in a proceeding to distribute an estate, or in an action at law to recover a legacy."

While it is unnecessary to go farther, in my opinion it may not be amiss to refer briefly to the other question raised by counsel. The gift to William H. Flint is not a legacy. He is the beneficiary of a certain trust fund of which the Central Union Trust Company is trustee, and he receives only the income until a period of years has elapsed when he may receive the principal. If the Statute of Limitations had not run, whatever right an executor may have of offsetting against legacies the claims existing against legatees, no such right exists in favor of offsetting against the income of a trust fund. *Matter of Bogert,* 41 Misc. Rep. 598; *Matter of Knibbs,* 45 id. 83; affd., 108 App. Div. 134; *Matter of Widmayer,* 28 Misc. Rep. 362; *Matter of Ungrich,* 201 N. Y. 415.

Income from such a trust can only be reached through a suit in equity under the Real Property Law, section 98, or by execution under section 684 of the Civil Practice Act. *Hoye* v. *Hipkins,* 182 App. Div. 901; *Brearley School* v. *Ward,* 201 N. Y. 358. The income from such trusts cannot be alienated. Real Prop. Law, § 103; Pers. Prop. Law, § 15.

An enforcible debt can be offset against a legacy in an accounting proceeding in the Surrogate's Court. Such facts are not present in the instant case. With this disposition of the first question, it is unnecessary to consider the power of the Surrogate's Court as it has been enlarged by chapter 439, Laws of 1921, as affecting the secondary question.

The decree should be modified by eliminating the note as an asset and also eliminating the provision requiring an offset of the note against the income due William H. Flint from the trust fund.

Decreed accordingly.