In the Matter of the Transfer Tax upon the Estate of SARAH F. MEAD, Deceased.

Surrogate's Court, Westchester County, May, 1922.

**Transfer tax — real estate conveyed in lifetime of decedent as gifts inter vivos not taxable — outlawed notes not to be included as part of taxable assets although made by those taking under the will.**

A *bona fide* transfer of property unless made in contemplation of death or intended to take effect in possession or enjoyment at or after death of the transferor is not within the reach of the transfer tax.

Decedent, a woman of large means and in good health, about fifteen years or
more before her death commenced to transfer her real estate to her children
and at various times gave them money and took from them certain promissory
notes. Certain agreements between her and the children provided that such
conveyances should be considered as "advancements," the amount of which
was to be deducted from any amount thereafter becoming payable to the
grantee out of her estate, and her will provided that "any and all advancements
made to any of my childien, or loans made to them shall be deducted from his
or her share without interest" except as charged on her books. *Held*, that
the advancement agreements operated only by way of limitation upon the
share of the several grantees received by them under the will, and the deeds
appearing to have been gifts *inter vivos* the real estate conveyed thereby was
not subject to a transfer tax.

The several notes having been made more than six years before the death of the
testatrix and no principal or interest having been paid on any of them were not
assets in the hands of the executor and, therefore, not subject to a transfer tax.

APPEAL from order fixing transfer tax.

*William Howell Orr*, for executor.

*Francis A. Winslow*, for state tax commission.

SLATER, S. It appears that the decedent commenced some
fifteen years or more before her death to transfer real estate to
her several children. She also, at various times, gave them money
and took from them certain promissory notes. It appears that
she was a woman of large means and was in good health. Two
questions arise upon the facts: Were the conveyances of the real
estate in the nature of a gift? Have the promissory notes become
outlawed by the running of the Statute of Limitations? The
conveyances were all absolute in terms, contained no reservations
or conditions, were delivered, the transaction was complete, and
the grantees acquired immediate right to the property.

A *bona fide* transfer of property between the living unless made
in contemplation of death, or intended to take effect in possession
or enjoyment at or after death is not within the reach of the transfer
tax. *Matter of Voorhees*, 200 App. Div. 259; Gleason & Otis on
Inheritance Taxation, 4. The deeds appear to have been gifts
*inter vivos*. *Ridden* v. *Thrall*, 125 N. Y. 572; *Matter of Mills*, 172
App. Div. 530; affd., 219 N. Y. 642; *Matter of Mather*, 90 App.
Div. 382; affd., 179 N. Y. 526.

It is contended, however, by the tax commission that, because
of certain agreements entered into between the parties, the gift
was not complete and did not take effect until at and after death.
The agreements provide that such conveyances should be con-
sidered as "advancements" out of the estate of the grantor and
that the amount of such advancements was to be deducted from
any amount thereafter becoming payable to the grantees out of
the estate of the grantor. The 7th paragraph of the will of the

testatrix provides that " any and all advancements made to any of my children, or loans made to them shall be deducted from his, or her share without interest, except where interest is indicated as having been charged on my books." The testatrix had no power or control of any kind over the real property from and after its conveyance by her. *Matter of Cochrane,* 117 Misc. Rep. 18; affd., 202 App. Div. ——; *Matter of Voorhees, supra.* The gifts were not made in contemplation of death. *Matter of Spaulding,* 49 App. Div. 541; affd., 163 N. Y. 607. The gifts of the real estate are not taxable.

In my opinion the advancement agreements only operate by way of limitation upon the share of the several grantees received by them under the will. In other words, they were agreements in diminution of their several bequests, and made to equalize the legacies to the several children. *Matter of Edgerton,* 35 App. Div. 125; affd., 158 N. Y. 671; *Matter of Orvis,* 223 N. Y. 1; Jessup-Redfield on Surrogates' Courts, 1172.

As to the notes in question, they were all made more than six years before the death of the testatrix. It is conceded that no interest, nor any part of the principal had been paid on any of these notes. The contention of the executors is that they could not enforce payment because the Statute of Limitations had run. The tax commission contends that the running of the Statute of Limitations makes no difference, that the statute is one of repose. This is the English rule and is based on the theory that there is no substance in an offset but a retention of part of the funds in the course of distribution. The trend of American authorities is away from the English view. *Matter of Flint,* 118 Misc. Rep. 354, and cases cited.

Therefore, the court will decide that the several promissory notes are not assets in the hands of the executors for taxation purposes. The assessment of the transfer tax appraiser in so far as said appraisal includes as assets of the estate certain promissory notes and certain real property heretofore deeded by the testatrix to certain of her children is reversed.

The proceedings are remitted to the appraiser for the purpose of giving his report in accordance with this opinion.

Decreed accordingly.