In the Matter of the Accounting of FREDERICK GEIGER, as Executor of CATHERINE A. GEIGER, Deceased.

Surrogate's Court, Westchester County, February 2, 1945.

*Charles S. Friedman* for petitioner.

*William Koch* for Henry Geiger and others, legatees, objectants.

GRIFFITHS, S. Objections filed to the account herein are disposed as follows:

Objections 2, 3, 6 and 8 have been withdrawn.

Objection 4 is directed to the sale by the estate of a certain bond and mortgage to the daughter of the executor, which bond and mortgage were made by Frederick Geiger, Jr. [the executor] and his wife. The mortgage was in the face amount of $6,000 One thousand dollars had been paid on account thereof. The

sale was for the sum of $3,000. Upon the hearing before me the executor offered to see that this mortgage was returned to the estate and the $3,000 repaid to the purchaser thereof. This offer is satisfactory to the objectants and is approved by the court. The executor is therefore directed to proceed accordingly and place the estate in the same position regarding this mortgage as it was in prior to the sale of the mortgage to the daughter of the executor. Objection 4 is therefore sustained.

Objection 5 is directed to the failure of the executor to offset the indebtedness due on the bond and mortgage hereinbefore set forth as against any legacy due to the makers of said bond and mortgage, to wit, the executor and his wife. The wife of the said executor also signed the bond for which the mortgage was given as security. The accountant claims that there should be no setoff because, under the terms of the present moratorium statute of the State of New York, the bond and mortgage need not be presently paid in full. This contention is overruled. The court holds that any legacies to which the said executor and his wife are entitled should be offset as against any indebtedness of the executor and his wife to the estate. (*Matter of Sawin,* 173 Misc. 428; *Matter of Warner,* 39 Misc. 432; *Matter of Flint,* 120 Misc. 230, affd. 206 App. Div. 778.) Objection 5 is therefore sustained.

Objection 7 is withdrawn as to the item of $30 and overruled as to the item of $36.86.

Objection 9 is overruled upon the consent of the executor to reduce the amount therein set forth from $400 to $250.

Objection 11 is sustained and the executor will be directed to pay to each of the residuary legatees the same and equivalent amount.

Objection 12 is directed to the amount of commissions, which will be determined upon the entry of the final decree.

In the hearing had before me on objection 13, the executor moved to amend the account so as to set forth in Schedule " A " an amount of $294.85, instead of $292.66 as set forth therein and to add to his account an item of $45 due from George Aulenbacher. Upon his compliance with this offer to amend, this objection will be deemed withdrawn. Any other items set forth in objection 13 are disposed of by the ruling herein on objection 11.

Objection 10 is disposed of by the ruling herein on objection 11.

Objection 1 is overruled except insofar as it is sustained by the rulings on the other objections herein set forth.

Proceed accordingly.