In the Matter of the Estate of CARRIE L. RILEY, Deceased.

Surrogate's Court, Monroe County, January 15, 1952.

*John G. Shaw* and *Donald R. Harter* for William P. Riley, petitioner.

*George R. Williams* for Security Trust Company of Rochester, as executor of Carrie L. Riley, deceased, respondent.

*Grantier Neville,* special guardian for Dorothy K. Cruickshank and others, infants, respondents.

WITMER, S. The court is asked to determine whether the executor may charge against the legacy herein to the petitioner the amounts unpaid on a series of promissory notes made by him to the testatrix, action upon which had been barred by the Statute of Limitations prior to the testatrix' death.

It appears that the first note, in the amount of $1,000, was given by the petitioner and his wife to the testatrix on September 5, 1934. Thereafter, on September 26, 1934, the testatrix made her will in which in paragraph " Sixth " she provided as follows: " To WILLIAM POMEROY RILEY, my stepson, I leave the sum of Ten Thousand Dollars ($10,000.00)."

Nowhere in the will does the testatrix suggest the reduction of this legacy by the amount of the loan made as evidenced by said note nor by the amount of any future loans. Subsequently, and between March 27, 1935, and April 10, 1941, the testatrix loaned to the petitioner and wife or the petitioner individually, varying sums for which promissory notes were given, totalling $6,700 in addition to the first loan. No payment of interest or principal was made on any of said notes. The testatrix died on August 6, 1950, at which time the total of accrued interest on the notes and the unpaid principal thereof exceeded the amount of the $10,000 legacy to the petitioner. More than seven months having elapsed since the probate of the will and the appointment of the respondent executor, and the legacy to petitioner remaining unpaid, the petitioner instituted this proceeding to compel payment. The executor seeks to assert against the legacy an equitable lien and right of retainer by reason of the unpaid notes, under familiar principles (see *Matter of Flint,* 120 Misc. 230, affd. 206 App. Div. 778; *Matter of James,* 149 Misc. 135, and *Matter of Geiger,* 184 Misc. 518), but the petitioner denies the executor's right to do so

because of the Statute of Limitations, and relies primarily upon *Kimball* v. *Scribner* (174 App. Div. 845).

Because the earlier cases in New York followed the English rule and held that the estate representative could assert an equitable lien and right of retainer despite the running of the Statute of Limitations (*Rogers* v. *Murdock,* 45 Hun 30; *Leask* v. *Hoagland,* 64 Misc. 156; *Matter of Foster,* 15 Misc. 175), and because of some evidence of reluctance on the part of the lower courts to follow the ruling in the *Kimball* case (*supra*), (see *Matter of Hart,* 185 .Misc. 791, and cases cited therein) respondents ask this court to decline to follow it here.

It should be noted at once that in respect of the first note herein this case is like *Matter of Hart* (*supra*). It was there held that the case was in the same category as the *Kimball* case, and the legatee was held entitled to his legacy '' without any deduction on account of the note.'' (185 Misc. 791, 799.) A similar conclusion is reached herein with respect to the first note.

The loans represented by the other promissory .notes fall into the third group as analyzed in *Matter of Hart* (185 Misc. 791, 794, *supra*) to wit, '' (3) Where there is not any evidence whatever of any intention '' on the part of the testatrix as to the reduction of the legacy to the extent of unpaid loans made by her to the legatee. Respondents sought to introduce evidence herein to show what the testatrix said and intended with respect to the promissory notes in relation to the legacy. The pertinent inquiry in will construction is as to the testatrix' intention as found in the will or at least her intention at the time of the will, and since the loans were made and notes given after the execution of the will, the offered evidence was properly excluded. (*Matter of Chamberlin,* 289 N. Y. 456, 460; 3 Butler on New York Surrogate Law and Practice, §§ 1925, 1926.)

Where there is no evidence whatever that a testator wanted to forgive an outlawed debt there is indeed much to be said, and much has been said (see *Rogers* v. *Murdock, supra,* and cases cited therewith, and *Matter of Hart, supra*) in favor of the doctrine of equitable lien and retainer. But in *Kimball* v. *Scribner* (174 App. Div. 845, *supra*) the court considered the relative merits of that doctrine in this situation as against the one declared in such decision. It might well have been said then (1916) that the exercise of the right of equitable lien and retainer in this situation had been recognized so long in this State that it should be continued until the Legislature should change it. But the court did not wait for the Legislature to act, and decided that the rule should be changed by it forthwith for

reasons stated therein, in the nature of public policy. The court noted that the testator had it within his power to prevent the Statute of Limitations from running against claims of this sort and also could avoid the effect of the Statute of Limitations by testamentary provision if he wished.

The *Kimball* decision has stood as the recognized law of this State for over thirty-five years. (*Matter of Flint,* 118 Misc. 354; *Matter of Farrell,* 121 Misc. 536; *Matter of Cordier,* 168 Misc. 577; *Matter of Tarbell,* 99 N. Y. S. 2d 902, and see *Matter of Flint,* 120 Misc. 230, 232, affd. 206 App. Div. 778, *supra; Matter of City of New York [Hamilton Ave. Widening],* 177 Misc. 1004, affd. 265 App. Div. 970; 4 Butler on New York Surrogate Law & Practice, Supplement, § 2895, p. 105, and 4 Warren's Heaton on Surrogates' Courts, § 338, par. 2, subd. [a].) There are additional cases in which the courts have acknowledged the *Kimball* decision as the established rule of law but have found that the testator has expressly limited the gift to the net difference between the legacy and the amount unpaid on the legatee's debt to the testator, whether outlawed or not (*Matter of Van Tassell,* 119 Misc. 478; *Matter of Cordier,* 168 Misc. 577, *supra; Matter of Haase,* 174 Misc. 42; *Matter of Sherman,* 187 Misc. 943) or have declined to extend the rule to protect a legatee who obtained the discharge of his debt in bankruptcy after the testatrix' death and the probate of her will. (*Matter of Sawin,* 173 Misc. 428; *Matter of German,* 107 N. Y. S. 2d 411.)

It is the view of this court that the instant case comes within the intended scope and principle of the *Kimball* case, although there is some factual difference. Acknowledging that there are merits in either rule, this court does not believe that it should undertake to upset the rule of the *Kimball* case in view of its long acceptance by the Bench and Bar. Such a change may only properly be made by the higher courts or the Legislature.

The rule of the *Kimball* case is therefore followed, and the application of the petitioner for payment of his legacy without reduction by reason of the outlawed notes is granted.

Submit decree accordingly.