In the Matter of the Estate of CARRIE L. RILEY, Deceased. SECURITY TRUST COMPANY OF ROCHESTER, as Executor of CARRIE L. RILEY, Deceased, Appellant; WILLIAM P. RILEY et al., Respondents.

Fourth Department, May 6, 1953.

*George R. Williams* for appellant.

*Donald R. Harter* for William P. Riley, respondent.

*Grantier Neville,* special guardian for Dorothy K. Cruickshank and others, infants, respondents.

WHEELER, J. The Security Trust Company of Rochester, executor of the last will and testament of Carrie L. Riley, appeals from a decree of the Surrogate's Court directing the executor to pay to the petitioner a legacy of $10,000. By her will, the testatrix left specific bequests of $10,000 each to her own daughter, her two stepdaughters and her stepson, the

respondent here. Specific bequests of $1,000 each were also made by the testatrix to her grandchildren, and the residue of her estate is left in trust for her natural daughter and her grandchildren. None of the other provisions of the will are pertinent to this controversy. Carrie L. Riley died August 6, 1950; her last will and testament is dated September 26, 1934, and was admitted to probate on August 21, 1950.

After the death of the testatrix seven notes, payable to the decedent, were discovered in an envelope in her safe deposit box. The notes, executed by the petitioner, William Pomeroy Riley, total more than $7,000 in face value, and each is to be paid " with interest." The interest, at the death of the testatrix, was sufficient to bring the total amount of the notes well over $10,000. Six of the notes were made and delivered after the will was executed, the other note being made a few days before the will. All of the notes were more than six years old at the death of the testatrix, and there was no evidence of any payments having been made thereon. In fact, the appellant executor concedes the Statute of Limitations would be a bar to recovery in any action brought by the executor upon any one of the notes, as the cause of action founded thereon did not accrue within six years next preceding the death of the payee, Carrie L. Riley.

Asserting an " equitable right of retainer," the executor trust company refused to pay the specific legacy of $10,000 to the petitioner, who then brought this proceeding pursuant to section 217 of the Surrogate's Court Act to compel payment of the legacy. The notes having been set up in defense to the petition, the petitioner replied, admitting the execution and delivery of the notes, but interposing the Statute of Limitations. No claim is made that the notes were executed for other than a valid consideration or that they have been paid.

The issue then arises sharp and clear — does an executor, unsupported by any provision of the will in regard thereto, have a right of equitable retainer or setoff which enables him to deduct from a legacy a debt to the decedent which is barred by the Statute of Limitations at the time of his death. Strangely enough, neither the Legislature nor, with one exception, any appellate court in this State has passed upon this question. For this reason then, it may be well to clarify a problem that has been disconcerting the Surrogate Courts since the decision in *Kimball* v. *Scribner* (174 App. Div. 845).

There is no question that the English rule was that followed in the earlier cases in New York. Under those decisions the

executor might assert the right of equitable retainer and lien in such a situation despite the fact the debt was barred by the Statute of Limitations. (*Rogers* v. *Murdock,* 45 Hun 30; *Leask* v. *Hoagland,* 64 Misc. 156; *Matter of Foster,* 15 Misc. 175.) The fundamental theory running through these decisions is that the executor should have the right of equitable retainer because the Statute of Limitations does not extinguish the debt, but merely erects a bar to recovery and, even though the statute might be effectively pleaded as a defense to an action by the executor to recover upon the debt, the debt is still existent and is a moral obligation of the legatee-debtor. Further, the Surrogate's Court being an equity court, technical rules applicable to the courts of law should not apply. While there is much to commend the argument, we feel, after carefully weighing all of the factors, that the reasons for this view are less persuasive than appear at first glance.

In *Kimball* v. *Scribner* (*supra*) the action was in Supreme Court to recover a specific legacy. The notes set up in defense to the action had been executed by the plaintiff legatee nineteen years before the testatrix had made her will. Nothing in the opinion of Justice CARR, writing for a unanimous court, indicates that any payments had been made on the indebtedness, leaving us with the assumption that the notes were barred by the Statute of Limitations when the will was executed. The rule laid down in that decision, however, is general in nature, applying to all debts of legatees which have been barred by the statute before the death of the testator. No attempt is made to distinguish situations according to the time the statutory bar becomes effective, before or after the will is executed, nor is there any distinction made as to when the debt comes into being, either before or after the execution of the will.

The appellant suggests that the rule set forth in the *Kimball* case has been overemphasized and accorded more authority than it merits, that it need not have been followed by later decisions. The determination in the *Kimball* case, it is urged, was dictated by the unusually strong fact situation, there being no question where the equities lay, and any rule purporting to apply to all similar cases was pure dicta. In that case, however, the court stated that '' There was no dispute of fact involved in the case '' (p. 846) and determined, as a matter of law, that the debt of the plaintiff legatee to the testatrix, being barred by the Statute of Limitations, was not available to the executor by way of defense to the action for payment of the specific legacy.

Actually the appellant reluctantly recognizes the authority of the *Kimball* case where the legatee has brought an action at law, but seriously contends that the rule should not apply when the same relief is sought in the Surrogate's Court. Much is made of the distinction between a court of law, where the rules of offset and counterclaim are governed by the Civil Practice Act, and the Surrogate's Court as a court of equity where, appellant urges, technical offset does or should not apply. However, *Kimball* v. *Scribner* has been more or less consistently followed and, it might be noted, the vast majority of those decisions are those of the very courts the appellant contends should not adhere to the rule. (*Matter of Flint,* 118 Misc. 354; *Matter of Farrell,* 121 Misc. 536; *Matter of Hahn,* 163 Misc. 70; *Matter of Tarbell,* 99 N. Y. S. 2d 902.) Those courts which have evidenced a reluctance to follow the *Kimball* case are not numerous and appear to be definitely in the minority. (*Matter of Hart,* 185 Misc. 791.)

As regards this phase of the question, it was noted in the *Kimball* decision that: " It would seem that there can be no longer any sound distinction in legal principle whether this question arises in a Surrogate's Court in a proceeding to distribute an estate, or in an action at law to recover a legacy (p. 847).

We approve of this principle and feel that it is supported by the better logic as well as common sense. The limitation of the rule of the *Kimball* case to actions at law while at the same time adhering to the older view in a proceeding in Surrogate's Court, would, of course, offer two rules upon the same subject matter, depending upon the court in which relief is sought.

Aside from the anomaly of the legatee's success being controlled by his choice of forum, there appears little reason for the rule urged by the appellant. Although the Surrogate's Court is endowed with certain equitable powers, the application in that court retains much of its nature as an action at law to enforce payment. (*Matter of Rogers,* 153 N. Y. 316.) The Massachusetts court in *Allen* v. *Edwards* (136 Mass. 138) cited with approval in *Kimball* v. *Scribner,* pointed out that in England no action at law could be maintained for a legacy and the courts of equity had always assumed the right to impose the terms upon which the legatee might receive his legacy. In this State the right of action by the legatee is given by section 146 of the Decedent Estate Law, and section 217 of the Surrogate's Court Act permits this remedy to be exercised in the Surrogate's Court. Thus, it would seem that the relief may be sought

in either court and, under our present practice and principles of pleading, it appears most unwise to acknowledge different rules of law, applicable to the same relief, dependent solely upon the choice of forum.

Our procedural statutes do not contemplate any such unequal application of a rule of law (Civ. Prac. Act, § 1; Surrogate's Ct. Act, § 316), and no reason appears why section 61 of the Civil Practice Act should not apply as well in one court of record as another. Certainly the executor's cause of action upon the debt is barred. Appellant's contention that the right of the executor under the present circumstances should not be considered as a " cause of action " defined in section 61 of the Civil Practice Act but merely as the " equitable right of retainer " which grew out of the English practice, begs the question; it ignores the substantive concepts which have grown out of the statutory right of action for an unpaid legacy, as well as the procedural provisions consolidating the practice in courts of record. Although there may be some question whether the legatee and the executor stand in the classical debtor-creditor relationship, it cannot be denied that the right of action granted the legatee by section 146 of the Decedent Estate Law is a long step toward creating a debt in favor of the legatee (*Matter of Barker,* 186 App. Div. 317) and in placing the legatee in the position of a creditor (*Matter of Rutherfurd,* 196 N. Y. 311; *Matter of Cropsey,* 172 Misc. 197). In view of the many attributes of a debt which have been acquired by the mature legacy, it would be difficult to quarrel with the proposition that the estate of the testator is as much a debtor to the indebted legatee as the legatee is to the estate. The rules of the Civil Practice Act should apply.

It is obvious there are considerable equities upon both sides of this problem. However, we believe the more sound rule is that which denies to the executor, in the absence of evidence in the will to the contrary, any right of setoff or " retainer ", against a legacy, of a debt barred by the Statute of Limitations at the death of the testator. While we recognize the merits of the view urged by the appellant, the consistent adherence since 1916 to the rule of *Kimball* v. *Scribner* only adds weight to the better reasoned view.

The decree should be affirmed.

All concur. Present — TAYLOR, P. J., McCURN, KIMBALL, PIPER and WHEELER, JJ.

Decree affirmed, with costs to all parties filing briefs payable out of the estate.