Joseph A. Cox, S.
The testator executed his will on October 27, 1959 and died on October 13, 1963. This instrument bequeathed $5,000 to the petitioner, the testator’s sister, who seeks payment of the legacy in this proceeding. The will bequeaths like legacies to two brothers. It appears that on or about March 3, 1955 the petitioner borrowed $10,000 from the testator which has not been paid and, by the lapse of time, collection of the debt was barred by the Statute of Limitations at the time of the testator’s death. The issue presented is whether the executors may assert the right of equitable retainer and lien against the debtor-legatee in this circumstance.
*231 While the decisions of the lower courts are not in accord and our highest court has not ruled upon the question, there are appellate decisions of fairly recent vintage. In Matter of Riley (281 App. Div. 612) it was held in the Fourth Department that, in the absence of some expression of purpose in the will, an executor does not have the right of setoff and may not diminish a legacy by the amount of a debt which was outlawed by the Statute of Limitations at the time of the testator’s death. This conclusion was reached upon the language of Kimball v. Scribner, (174 App. Div. 845), a decision in the Second Department in an action at law to recover a legacy. In Matter of Eaton (282 App. Div. 32), a case in the Third Department decided a week after the Riley case, the court recognized the ruling of Kimball v. Scribner, as the prevailing rule in this State although the decision did not rest upon that ground since the debt there considered was enforcible at the testator’s death. This court accepts these precedents and, accordingly, the application to compel payment of the legacy is granted. Submit order on notice.