NEWYORK,
May, 1816.

CHIPMAN
v.
MARTIN.

*An action for use and occupation lies where the holding is upon an implied as well as an express permission of the landlord*

*A tenant who, after the expiration of, and payment of rent under, a parol demise, continues in possession without any new agreement with the landlord, cannot, in an action against him for the use and occupation of the premises, subsequent to the expiration of the former term, dispute the title of the plaintiff; and his subsequent holding will be deemed to have been by the implied permission of the original lessor.*

---

## CHIPMAN against MARTIN.

THIS was an action of trespass on the case, brought on the 9th section of the act concerning distresses, (1 *R. L.* 436.,) to recover double damages for making a distress when no rent was due. The cause was tried before Mr. Justice *Platt,* at the *Washington* circuit, in *June,* 1815.

The defendant had, by deed, executed on the 11th of *Decem-*

*A recovery on a covenant for the payment of rent is not, without actual satisfaction, an extinguishment of the rent, and the lessor may, notwithstanding such recovery, distrain for the rent in arrear.*

NEW-YORK,
May, 1816.

CHIPMAN
v.
MARTIN.

ber, 1809, granted certain lands in the town of *Hartford*, in the county of *Washington*, to *Chauncey Stewart*, in fee, reserving an annual rent of 93 dollars and 61 cents; the first payment of which was to be made on the 11th *December*, 1811, and on that day in each succeeding year, with power to the grantor to distrain in case of nonpayment. The deed was, afterwards, assigned, by *Stewart*, to the plaintiff, who went into possession. A judgment was recovered in the court of common pleas for the county of *Washington*, which was docketed on the 17th of *March*, 1813, by the defendant against *Stewart*, in an action of covenant, for 209 dollars and 74 cents. The breaches assigned were for the nonpayment of all the rent due before the 11th of *December*, 1811. On or about the 26th of *June*, 1813, *Chauncey Stewart*, as bailiff of the defendant, distrained on the premises, and took property to the value of 250 dollars. *Stewart* was, at the time, and had long been, insolvent.

It was a question on the trial, to which a considerable part of the evidence related, whether the plaintiff had sufficiently connected *Chauncey Stewart* with the defendant, as his agent, to render the one liable for the acts of the other; but the judge was of opinion that it was sufficiently made out; and, also, that the judgment in favour of the defendant, against *Stewart*, was an extinguishment of the rent charge, and that it was not necessary, in order to produce that effect, that the judgment should be satisfied. The jury, accordingly, found a verdict for the plaintiff for double the value of the property distrained.

A motion was made to set aside the verdict, and for a new trial.

*D. Russell*, for the defendant, contended, that the judgment against *Chauncey Stewart* was not an extinguishment of the right to distrain for the nonpayment of the rent. The lessor has three remedies, all or either of which he may pursue, until satisfaction is obtained. It is analogous to the remedies possessed by a mortgagee. By the law, as it stood at the time judgment was obtained against *Stewart*, the action on the covenant was an inferior remedy to that by distress. That a subsequent remedy should merge or extinguish a previous one, it should be of a higher or superior nature.*

Again, even admitting that the security obtained by the judg

* 1 *Roll. Abr.*
470, 471. 640 1
*Burr.* 9. 6 *Co.*
44. *Cro. Eliz.*
304. 1 *Dall.* 413.

ment extinguished the remedy by distress, it cannot operate to extinguish the right. If the right remains, that is a sufficient protection against the 9th section of the act, (1 *N. R. L.* 436.,) on which this action is brought.

\* 3 *East's Rep.* 251.

In *Drake* v. *Mitchell*,\* one of three joint covenantors gave a bill of exchange for part of the debt, on which bill a judgment was recovered; but the judgment was held to be no bar to an action on the covenant against the three. Lord *Ellenborough* said, " a judgment recovered in any form of action, is but a security for the original cause of action, until it be made productive to the party; and, therefore, until then, it cannot operate to change any other collateral concurrent remedy which the party may have." The action of covenant, and the remedy by distress, are concurrent remedies.†

† *Bantleon* v. *Smith*, 2 *Binney's Rep.* 146.

*Skinner*, and *Cowan*, contra, contended, that the remedy by distress was extinguished by the judgment in the action of covenant for the rent; or that, at least, by that action, the lessor had determined his election, and could not proceed, afterwards, to distrain. The acceptance of a bond for a parol contract will extinguish that contract.‡ So, if rent be reserved by deed, though giving a bond by the lessee for the rent will be no extinguishment of it; yet, a judgment obtained on the bond will be an extinguishment of it. This doctrine is to be found in *Higgens's Case*,§ and is laid down by *Buller*|| and *Woodfall*.\*\*

‡ 3 *Johns. Cas.* 180. 2 *Johns. Rep.* 471.

§ 6 Co. 45.
|| *Bull. N. P.* 182.
\*\* *Woodf. Tenant's Law*, 412. 614.
†† *Littleton*, s. 222.

So, if the grantee of a rent charge (and this is a rent charge), purchase part of the land, the rent charge is extinct.†† If he resort to his personal remedy, by writ of annuity, he shall be held to his election, and cannot resort to his other remedy, by distress.‡‡

‡‡ Co. Litt. 144. b. 145. a. 145. b.

Suppose the party had taken his remedy by distress, in the first instance, could he, in case the cattle had escaped, have resorted to his action of covenant for the rent? The remedies are alternative, not cumulative.§§ Analogous to this, is the clause of re-entry for nonpayment of rent; where, if the lessor bring his action of covenant for the nonpayment of the rent, he waives his right of entry for the forfeiture.|||| A party cannot maintain two actions on the same contract, or instrument, but must make his election, and be bound by it. The case put of a bond and mortgage, is different; there are separate and distinct remedies, by distinct instruments, and operating differently.

§§ 1 *Chitty's Pl.* 214. 1 *Salk.* 248. † Ld. *Raym.* 719.

|||| *Runnington on Eject.* 80. *Crompton* v. *Munshul*, M. S.

The point raised here was not decided in *Bantleon* v. *Smith ;*
but the opinion of the Ch. J. is in favour of the plaintiff. He
says, " Nothing is plainer than that a man cannot distrain for
rent, where no rent is due." Now, the rent being extinguished
by the judgment, as rent, none is due ; but the lessor has his
*lien* on the land for the amount of the judgment. Instead of
*rent* in arrear, for which he might distrain, he has a judgment
debt, which binds the land, and the payment of which may be
enforced by execution. He has the land itself for his security,
instead of a remedy by distress.

*Russell*, in reply, said, that the lease, in this case, contained a
clause of re-entry for the nonpayment of rent, in the usual form.
The case of an annuity, cited from *Co. Litt.*, is distinguishable
from the present. That was the grant of an annuity, or yearly
rent, to a person, for which the land of the grantor was charged
with power to the grantee to distrain. There the grantee had,
also, at his election, the personal remedy by writ of annuity.
But where land is granted, in fee, reserving rent, with a clause
of distress, he cannot have a writ of annuity.

THOMPSON, Ch. J., delivered the opinion of the court. This
action is founded upon the 9th section of the act concerning
distresses for rent, (1 *R. L.* 436.,) which declares, that if any
distress and sale shall be made, for rent pretended to be in ar-
rear and due, when no rent is in arrear or due, the party so
distraining, or for whom such distress shall be made, shall be
liable to an action on the case, by the owner of the goods dis-
trained, who shall recover double the value of such goods.
 The lease by which the rent in question is reserved, was
given by the defendant to *Chauncey Stewart*, and by him assign-
ed to the defendant. A judgment has been obtained, upon the
covenant in the lease, against the original lessee, for the same
rent for which the distress was made. But no execution has
been issued upon this judgment, or satisfaction in any way ob-
tained, and *Stewart* is insolvent. The principal question in the
case is, whether this judgment does, in any manner, take away
or impair the remedy by distress ; and I am satisfied it does not.
We must bear in mind, that the present action is to recover a
penalty, and, of course, all the rules applicable to the con-
struction of penal statutes are to be adopted. Under such

rules of construction, it cannot be said that the rent was not due and in arrear; nothing short of actual payment, or satisfaction, will meet the good sense and sound interpretation of this statute. The doctrine of extinguishment does not apply to this case. The particular cause of action, for which a judgment is obtained, is extinguished or merged in such judgment. No action of covenant could be brought against *Stewart* for the same rent for which the former judgment was obtained. If *Stewart* had still remained in possession, and the distress been made on his goods, the unsatisfied judgment would, in my opinion, have formed no obstacle to the legality of such distress; much less colour is there for setting up a judgment against an insolvent, to discharge the present plaintiff from the rent. The principle which governed the decision of *Drake* v. *Mitchell*, (3 *East*, 258.,) is very much in point. It is there held, that a judgment is but a security for the original cause of action, until it be made productive in satisfaction, and until then it cannot operate to change any other collateral concurrent remedy which the party may have. The judgment, if *Stewart* was solvent, could only be considered as additional security for, and not as satisfaction of the rent; that still exists, and is due and in arrear. Like the case of a bond and mortgage, a judgment upon the bond will not preclude the mortgagee from bringing his action of ejectment, and recovering possession of the land. All the principles applicable to the case before us are noticed, and involved in the decision of *Bantleon* v. *Smith*, (2 *Binney*, 152.,) which go fully to establish, that the defendant, in this case, had a double remedy for his rent; one upon the covenant in the lease, and one against the land; and that nothing short of actual satisfaction will discharge either. The direction of the judge to the jury, that the judgment against *Stewart* was an absolute payment and extinguishment of the rent, was incorrect, and a new trial must be granted, with costs to abide the event of the suit.

New trial granted.