## CREAN v. McFEE.

### July 2, 1838.

*Exceptions to Auditor's Report.*

The taking of a bond with warrant of attorney to confess judgment, and judgment confessed thereon, does not *extinguish* the lien of the mechanic or material man under the mechanic's lien act. The lien under the act is but a *collateral* security to the *debt;* the claimant has also a concurrent remedy by personal action.

THIS was a case of exceptions to an auditor's report, distribu-

[Crean v. McFee.]

ting the proceeds of a sheriff's sale. The fund in court arose from the sale of a lot, with buildings thereon erected.

No. 1. A three story brick house, commenced in August, or September, 1834, and not sold within two years.

No. 2, 3, 4, 5. Four adjoining three story brick buildings, commenced in the spring of 1836, sold within two years.

No. 6. Vacant lot.

Defendant's title to the premises arose by virtue of an agreement to convey—dated and acknowledged August 29, 1834.

Plaintiffs made two motions.

1st. To take out of court 747 dollars 85 cents, amount of their claim for lumber furnished to No. 1.

2d. To take out of court other sums, (to be hereafter noticed,) on refunding security to J. G. Watmough.

1. As to the 1st motion, plaintiffs claimed 747 dollars 85 cents, as a material man's claim, on No. 1, for lumber furnished, &c.; claim filed July 28, 1835. They proved it by their books of original entries, beginning September 3, 1834; ending September 7, 1835; stating the dates, quantities of lumber and amounts, and their being furnished on the credit of the houses.

On May 10, 1836, defendant executed to plaintiff a bond, &c. conditioned to pay 1000 dollars, payable in four months from this date, with lawful interest for the same, in which was included the above claim, and judgment was entered in D. C. *eo. die* on bond.

To this claim Mr. Williams, for J. G. Watmough, filed this exception.

"Because the auditor reported that plaintiffs are entitled by virtue of a lien to take from the fund in court the sum of 747 dollars 85 cents, when the materials for which the lien was entitled were not furnished for, nor on the credit of the building erected on the premises."

2d motion. That plaintiffs on giving satisfactory refunding or indemnity security to J. G. Watmough, to be approved by the court, take out of court the following sums, provisionally decreed by the auditor.

[Crean v. McFee.]

From No. 1.  $298 80
  "   No. 6.    68 27
                    ———$367 07 balance of judgment and interest
                                May 10, 1836.
  "   No. 2.    87 75
  "   No. 3.    94 50
  "   No. 4.    86 75
  "   No. 5.    48 32
                    ——— 318 32 lien on those 4 houses filed Feb-
                           ———        ruary, 1837.
                    $685 39

On November 4, 1835, a judgment on a bond for 6000 dollars was entered in this court, in the name of John G. Watmough, plaintiff, *v.* Philip Banks, James Gay, John McFee, and Thomas Millon, defendants, in which Banks was principal and the other sureties, conditioned in the usual way, for the faithful discharge of Banks's duties as deputy sheriff, under plaintiff Watmough, then and yet sheriff.

*Phillips,* for plaintiff, argued that the taking of the bond, and the entry of judgment was no extinguishment of the lien under the mechanics' lien law.   Wallace *v.* Fairman, 4 *Watts* 378 ; Day *v.* Seal, 14 *Johns.* 404.

*Williams,* contra, Thompson's case, 2 *Browne* 297 ; Williams *v.* Farney, 8 *S. & R.* 56 ; Whelan *v.* Hill, 2 *Whart.* 118.

The opinion of the court was delivered by

STROUD, J.—The principal question which arises upon the auditor's report in this case, is whether the taking of a bond with warrant of attorney to confess judgment, and judgment thereon confessed, *extinguished* the lien of the plaintiffs upon their claim duly filed under the mechanics' lien act of 1806.   The claim was filed July 28, 1835, for seven hundred and forty-seven dollars eighty-five cents, the value of lumber furnished for the building No. 1, mentioned in the auditor's report, and the bond, with warrant, is dated May 10th, 1836, conditioned for the payment of one thousand dollars (which includes the amount of the claim filed, and a debt on some other account,) in four months, with

[Crean v. McFee.]

interest from the date. The judgment was entered on this bond on the same day.

In Thompson's case, 2 *Browne's Rep.* 297, the precise question now raised, was decided in favour of the mechanic's claim. Judge HEMPHILL, then president of this court, in an opinion very carefully prepared, rested the decision on the doctrine of *merger* or *extinguishment* of an inferior security, by the acceptance of a superior one, and viewed in this aspect, thought the judgment could not be considered of a higher rank than the claim filed. Were we restricted to the application of this doctrine, we should probably arrive at a different conclusion. But we think the proper interpretation of the mechanic's lien act of 1806, brings to the claimant's aid another principle of law, strictly apposite on the facts of the case, and equally available to sustain the auditor's report.

We regard the individual furnishing materials or doing work in the construction of a building, and afterwards filing his claim, so as to acquire the benefits of the act of assembly, to be entitled to several concurrent remedies to enforce his debt. The lien under the act is but a *collateral* security, which may be made efficacious by suing out a *scire facias*, or by resort to a personal action at the option of the claimant, by express direction of the supplementary act of 1808. The claimant has also a concurrent remedy by a personal action, when as here, the owner of the building was the contractor of the debt, and should the building be sold within two years from its commencement, the debt would, notwithstanding the prosecution of the personal action to judgment, retain its preference secured by the act, over *subsequent* liens. The taking of the bond, &c., and entry of judgment thereon, was a procedure not differing in its legal incidents from a mere personal action, although in Williams *v.* Tearney, 8 *S. & R.* 56, it was held not sufficient to fulfil the requisition of the act, in respect to the institution of an action, (*where no claim is filed*) within six months from the furnishing of materials, or the performing of work.

The ground on which we decide the present case, was brought prominently to view in Drake *v.* Mitchell, 3 *East* 251, in which it was held that where one of three joint covenantors gave a bill of exchange for part of the debt, secured by the covenant, and judgment was recovered on the bill, yet no

[Crean v. McFee.]

satisfaction of the judgment having been received, it was no bar to an action on the covenant. *Ld. Ellenborough* said, " a judgment recovered in any form of action is still but a security for the original cause of action, until it be made productive in satisfaction to the party, and therefore till then, it cannot operate to change any other collateral concurrent remedy which the party may have." And *Le Blanc, J.* adds, " the giving another security which, *in itself*, would not operate as an extinguishment of the original one, cannot operate as such by being pursued to judgment, unless it produce the fruit of a judgment." The same reasoning is resorted to in Bantleon *v.* Smith, 2 *Binney* 146; Gordon *v.* Correy, 5 *Binney* 552. In the first of these cases, the recovery of a judgment in an action of covenant for arrears of a ground rent, was ruled not to interfere with the right of the ground rent proprietor, to receive the arrears of rent out of the proceeds of a sheriff's sale of the land, by virtue of an execution issued upon this judgment; and in Gordon *v.* Correy, the landlord had taken a bond, with a warrant of attorney, for the arrears of his ground rent, and had entered a judgment thereon. This was considered as decided by Bantleon *v.* Smith, and the rent was awarded to the landlord in preference to creditors by judgments obtained prior to the entry of the judgment on the bond with warrant of attorney for the arrears of the rent.

On the same principle it was decided by Judge HALLOWELL in Shetsline *v.* Keehmlé, 1 *Ashmead's Rep.* 29, that a judgment before a justice of the peace, for arrears of rent, was no bar to a distress for the same rent, the judgment remaining unsatisfied. The Supreme Court of New York had previously made a similar decision in Chipman *v.* Martin, 13 *Johns.* 240.

In accordance with the principle of these decisions, we hold[a] that the judgment of the plaintiff entered on his bond with a warrant of attorney, constitutes no valid objection to his receiving the amount of his claim previously filed, notwithstanding the judgment in favour of Mr. Watmough against the defendant.

Exceptions dismissed.[a]

[a] *Vide* M'Call *v.* Eastwick, *ante*, p. 45.