EVERETT CLAPP, individually and as administrator &c., *appellant, vs.* GRACE C. MESEROLE and others, *respondents.*

Upon a settlement of the accounts of an administrator *de bonis non*, with the will annexed, before the surrogate, legatees should not be charged with the sums decreed by the surrogate, to be paid to them, respectively, upon the final setlement of the accounts of superseded executors, but only with the advances charged to them in the will, and the money actually received by them from the estate.

A decree of the surrogate, ascertaining the amount of money in the hands of executors for distribution, and directing in what manner it shall be distributed, is not a satisfaction or extinguishment of the claims of those to whom the money is made payable, to the extent of such amounts, respectively.

A provision in such a decree, directing the executor to pay over the balance found to be in his hands, in execution of the trusts of the will, is not a payment, so as to discharge him; nor is it a payment, so as to exonerate the fund distributable and charge the person to whom it is made payable.

Nothing short of actual payment, or some act of the distributee to its prejudice, will exonerate the trust fund from the claim of the distributee.

Though the decree of the surrogate gives to each distributee a remedy against the executor personally, for his proportion of the fund found to be in the hands of the executor, this is only cumulative, and will not impair the remedy against the fund itself.

THIS was an appeal, by Everett Clapp, individually, and as administrator *de bonis non* with the will annexed, of Simon Richardson, deceased, from a decree made by the surrogate of the county of Kings, on a final settlement of his accounts.   The opinion of the court contains a statement of the material facts.

*Jesse C. Smith,* for the appellant.

*James L. Campbell,* for the respondents.

*By the Court,* BROWN, J.    Letters testamentary upon the last will and testament of Simon Richardson were granted, on the 26th of November, 1850, by the surrogate of the county of Kings, to the widow, Ann Richardson, the two sons of the testator, William S. Richardson and Stephen F. Richardson, and to his brother Marvin Richardson.   The widow and the two sons were also entitled to distributive shares of his estate. In April, 1857, the letters were revoked as to Marvin Richardson, and the widow died previous to the year 1859, leaving William S. and Stephen F. the executors of the will. On the 12th May, 1856, William S. and Stephen F. Richardson assigned and conveyed all their interest and claim in and to the estate, as legatees or otherwise, to certain persons through whom the appellant Everett Clapp became the owner of their right and interest, previous to the year 1859.   On the 3d of February, 1859, the appellant, as such assignee, applied to the surrogate for an order requiring the executors to account; upon the return of which Stephen F. Richardson appeared and presented his petition for a final settlement; and such proceedings were had thereon that a decree for such final settlement was made and entered on the 1st of June, 1861. By this decree William S. Richardson and Stephen F. Richardson, as such executors, were adjudged and decreed to pay to Grace C. Meserole and others, the respondents in this proceeding, respectively, certain sums of money in the decree specified for their shares under the will, from the assets and proceeds of the estate in the hands of the executors for distribution. On the 14th of October, 1859, while the proceedings for the final accounting were being had, William S. and Stephen F. Richardson were superseded in their office as executors, by an order of the surrogate. And on the 13th of December of the same year, Everett Clapp, the appellant, was duly ap-

pointed administrator with the will annexed, of the goods, chattels and credits of Simon Richardson, left unadministered. On the 1st of July, 1861, Everett Clapp as such administrator was ordered to render an account. He applied for a final settlement, and a decree therefor was made on the 4th of March, 1862, from which this appeal is taken by him.

The distributees entitled to the estate are numerous, and the sums awarded to each are specifically set out in the decree, and need not be repeated here. The error complained of does not consist of a miscalculation of figures, nor of the allowance or disallowance of any item of the administrator's accounts. No exception is taken to them. The appellant, in his seventh point, alleges that the decree is erroneous in this respect: That it charges each legatee only with the advances charged to them in the will and the money actually received from the estate. He insists they should be charged also with the sums decreed to be paid to them respectively by the decree upon the final accounting of William S. and Stephen F. Richardson, of the date of the 1st of June, 1861, before referred to. It is thought and claimed by the appellant that the decree for the sums of money in the hands of the superseded executors, at the time of the final accounting by them, is a payment and satisfaction *pro tanto* of their shares of the estate. The distributees have done nothing to prejudice or impair their claim upon the trust property. They have been passive throughout. There is no proof that any part of these moneys has been paid. Indeed it is not alleged they are paid ; but the decree ascertaining the balance of moneys in the hands of the executors for distribution at $24,646.03, and directing the manner of its distribution, is said to be a satisfaction and extinguishment of the claims of those to whom it is made payable, to the extent of such amounts respectively. In this view I cannot concur. It must be borne in mind that the primary object of the proceeding which resulted in the decree of the 1st of June, 1861, was the final settlement of the accounts of the two Richard-

sons as executors. The statute declares who shall be concluded by the decree, and of what it shall be conclusive. The proceeding is a substitute for the old action by bill filed by the executors for the settlement of their accounts and to be relieved and discharged from the trust. The primary relief is sought by and granted to them. It concludes creditors, next of kin, legatees and all persons interested in the estate, upon whom the process has been served, upon the following facts and no others : 1st. That the charges for moneys paid to creditors, next of kin and legatees, and for necessary expenses, are correct. 2d. That the executor has been charged all interest for moneys received by him and embraced in his account, and for which he is accountable. 3d. That the moneys stated in the account as collected were all that were collectible on the debts stated in the account, at the time of the settlement. 4th. That the allowances for decrease in the value of assets, and the charges for increase in such value, were correctly made. (2 *R. S.* 34, § 65, 2*d ed.*) The provision in the decree that the executor pay over the balance found to be in his hands in execution of the trusts of the will is not a payment. It is not a payment so as to discharge him, nor is it a payment so as exonerate the fund distributable and charge the person to whom it is made payable. The decree gives to the distributee a remedy against the executor personally for his proportion of the fund found to be in the hands of the latter. But this remedy is cumulative, and does not impair in the least the remedy against the fund itself. Nothing short of actual payment, or some act of the distributee to its prejudice, will exonerate the trust fund from the claim of the distributee. The theory of the appellant, if it could have effect, would be quite beneficial to himself. He maintains towards the estate a double relation. In his office of administrator *de bonis non* he is the trustee, and as assignees of the interests of William S. and Stephen F., the two superseded executors, he is one of the *cestuis que trust.* If the unpaid balance found to be in their hands for

Clapp *v.* Meserole.

distribution and ordered to be distributed by the decree of the 1st of June, 1861, is to be deemed paid, then the moneys of the estate in the hands of the appellant will be relieved and exonerated to that extent, and his interest as assignee. of the shares of William S. and Stephen F. will be proportionably enlarged ; for he took their interests *cum onere* and subject to whatever might be due from them to the estate. A judgment is a bar to another action for the same cause, but it is not a satisfaction of the claim. It cannot operate to change or impair any other collateral or concurrent remedy. Thus a judgment upon the bond with a mortgage as collateral does not impair the right to foreclose the mortgage. at the proper time. And so a judgment upon a covenant to pay rent left the remedy by distress in full force. (*Chipman* v. *Martin,* 13 *John.* 240.)

The decree of the surrogate should be affirmed with costs. But for greater safety it should also be declared, in the order of affirmance, that the sums of money mentioned in the decree against William S. and Stephen F. Richardson, of the 1st of June, 1861, are to be deemed the undistributed assets of the estate, with leave to any of the parties interested therein to apply to the surrogate at any time hereafter for further directions in regard thereto.

[KINGS GENERAL TERM, February 9, 1863. *Emott, Brown* and *Lott,* Justices.]