In the Matter of the Judicial Settlement of Account of Proceedings of JAMES F. TRACEY and JOHN F. FARRELL, as Executors, etc., of MARY V. FARRELL, Deceased.

Surrogate's Court, Albany County, October, 1923.

**Executors and administrators — accounting — individual note of executor barred by Statute of Limitations.**

The only controversy in a proceeding for the judicial settlement of the accounts of executors was in regard to their failure to include as an asset of the estate a note for $25,000 dated March 12, 1902, made by one of the executors and payable to the testatrix. It appeared that the only payment made on account of the note was on September 12, 1902, for six months' interest, and there was no evidence to show that the maker of the note had made or executed any other instrument in writing acknowledging the obligation of the note or promising its payment. *Held*, that the note was barred by the Statute of Limitations.

PROCEEDINGS on judicial settlement of account of executors.

*B. Jermain Savage*, for James F. Tracey, executor.

*Michael D. Reilly*, for John F. Farrell, executor.

*Hiram C. Todd*, for Winifred F. Haskell and Regina F. Haskell.

LAWYER, S. The last will of Mary V. Farrell was admitted to probate January 13, 1922, and letters testamentary were issued to James F. Tracey and John F. Farrell, son of the testatrix.

Mrs. Farrell left her surviving two sons and four daughters, among whom, after certain specific bequests, the residuum of the estate, amounting to over $200,000, is divided.

Objections have been filed to the account of the executors by two daughters, Winifred F. Haskell and Regina F. Haskell.

In brief, the objectors allege, *first*, that the account fails to

include as an asset of the estate a note for $25,000, dated March 12, 1902, made by John F. Farrell, one of the executors, payable to the order of Mary V. Farrell; *second*, that the executors failed to demand payment of said note and have failed to make collection; *third*, that the account fails to include among the assets other debts of John F. Farrell for loans made by the testatrix from the year 1902 to the year 1921; and *fourth*, that John F. Farrell as executor is not entitled to commissions for the reason that being a debtor of the estate, he has avoided payment.

On the trial of these proceedings no testimony was offered to sustain the objectors' contention that the testatrix had loaned John F. Farrell any sum or sums of money from 1902 to 1921, as alleged in the third objection.    The only controversy, therefore, is concerning the note for $25,000, made March 12, 1902.

It appears by the evidence that but one payment was made on account of the note, the sum of $750 having been paid September 12, 1902, being interest on the principal sum, at the rate of six per cent, for six months.    There has since been no payment on account of either principal or interest and there is no evidence to prove that John F. Farrell has made or executed any other instrument in writing acknowledging the obligation or promising its payment.

The question presented is: Is the note for $25,000, dated March 12, 1902, interest on which was paid September 12, 1902, barred by the Statute of Limitations?

If the Statute of Limitations applies and may be pleaded as a bar, the objections must be overruled.

It is urged on behalf of the objectors that the equitable doctrine of retainer should be applied, so that the legatee should not be permitted to receive his legacy while he retains possession of funds out of which his and other legacies are to be paid, and that the executors be directed to exercise the right of retention as against John F. Farrell, a legatee of the estate.

Formerly, the Surrogates' Courts of this state applied the rule of English chancery that where a person received anything from an estate and at the same time was indebted to the estate, the debt should be offset by the representative against the amount due from the representative, even though the Statute of Limitations had run against the debt.    *Matter of Foster*, 38 Misc. Rep. 347; *Leask* v. *Hoagland*, 64 id. 156; *Matter of Timerson*, 39 id. 675; *Rogers* v. *Murdock*, 45 Hun, 30.

But in the year 1916 it was held in New York state that an executor could not set up as a defense by way of offset the amount of unpaid promissory notes which a legatee has given to the testatrix

and which the executor holds as assets of the estate, and the court then declared that there could be no longer any sound distinction in legal principle whether the question of the Statute of Limitations arose in a Surrogate's Court in a proceeding to distribute an estate or in an action at law to recover a legacy. *Kimball* v. *Scribner,* 174 App. Div. 845.

The courts of other states have long followed the same rule.

It, therefore, follows that the note of John F. Farrell, payable to the testatrix, for the sum of $25,000, is barred by the statute.

The objections are overruled and commissions are allowed to each executor.

Decreed accordingly.