In the Matter of the Estate of LUCRETIA COPP EDGAR, Deceased.

Surrogate's Court, New York County, June 5, 1933.

*M. Lloyd Buchman*, for the petitioner.

DELEHANTY, S. More than eight years before her death, decedent executed and delivered to her son, who is executor of her will, an instrument in form of a promissory note for a principal sum of $6,267.74. On his account the executor asks for allowance of a claim predicated upon this instrument. The only other person interested in the estate, a daughter of deceased, testified that to her knowledge the instrument represented an actual loan and she specifically assented to its allowance. No creditors' rights are involved but the effect of the allowance of the claim will be to reduce the net worth of the estate to a point which will adversely affect the right of the State to collect taxes.

The question here involved is whether an executor may be allowed a claim barred by the Statute of Limitations, if no objection to such allowance is made by beneficiaries of the estate. The cases are clear on the subject. A debt barred by the Statute of Limitations is not a debt for the purposes of estate administration. (*Butler* v. *Johnson*, 111 N. Y. 204, 212.)

The obligation of the estate representative to interpose the statute is absolute. (*Minzesheimer* v. *Bruns*, 1 App. Div. 324; *Matter of Hoes*, 183 id. 38; *Matter of Hall*, 144 Misc. 616.) This rule of conduct is applicable to the situation where the claim is one in favor of the estate representative himself. (*Matter of Brown*, 77 Misc. 507, 511; *Matter of Kahn*, 140 id. 532, 534.)

The claim must be disallowed. Submit decree in conformity herewith.