In the Matter of the Construction of the Will of ELIHU D. CHURCH, Deceased.

Surrogate's Court, Suffolk County, August 28, 1954.

*Dwight, Harris, Koegel & Caskey* for New York Trust Company, as executor of Elihu D. Church, deceased, petitioner.

*Winthrop, Stimson, Putnam & Roberts* for Marjory J. L. Gengler and another, respondents.

*Milbank, Tweed, Hope & Hadley* for Henry M. Minton and another, respondents.

HAZLETON, S. In this construction proceeding the New York Trust Company as executor of the will of the late Elihu Dwight Church prays for a determination anent certain legacies left Helen C. Minton, daughter of decedent, and her husband, both of whom were jointly indebted to decedent at his death in the sum of $40,000 evidenced by a bond and a mortgage which was a lien upon property of the debtors. This bond and mortgage had been acquired by the decedent by way of assignment in June, 1933. Decedent held this obligation when he died in 1953, and it is uncontradicted he never had demanded or received payment of interest or principal.

By Article Second of his will executed in 1947, decedent bequeathed the sum of $40,000 to his daughter Helen C. Minton, if she survived him. By Article Fifth of the same will, the decedent bequeathed 125 shares of Church & Dwight Co., Inc., stock to his son-in-law Henry M. Minton. The question arises whether the aforesaid $40,000 mortgage indebtedness plus

accrued interest should be set off against these specific and general legacies to Helen C. Minton and her husband.

Section 47-a of the Civil Practice Act imposes a six-year Statute of Limitations on bonds and/or mortgages secured by real property. In 1947, when the decedent executed the will under construction, this Statute of Limitations had run.

The early decisions in New York followed the English Chancery rule that an executor had a right of equitable retainer or setoff which enabled him to deduct from a legacy a debt to the decedent which was barred by the Statute of Limitations at the time of his death. (*Rogers* v. *Murdock,* 45 Hun 30; *Leask* v. *Hoagland,* 64 Misc. 156; *Matter of Foster,* 15 Misc. 175; *Matter of Timerson,* 39 Misc. 675.)

In 1916, the Appellate Division of the Second Department took a different view. In *Kimball* v. *Scribner* (174 App. Div. 845), in an action at law brought in the Supreme Court a legatee sought to recover his legacy from the executor. The executor interposed as his defense an indebtedness owed by the legatee to the testator against which the Statute of Limitations had run. The Appellate Division refused to uphold the defense asserted by the executor and held for the legatee following the Massachusetts decision of *Allen* v. *Edwards* (136 Mass. 138). The court stated: " It would seem that there can be no longer any sound distinction in legal principle whether this question arises in a Surrogate's Court in a proceeding to distribute an estate, or in an action at law to recover a legacy."

The *Kimball* decision has been consistently followed by a number of Surrogates since 1916. (*Matter of Flint,* 118 Misc. 354; *Matter of Farrell,* 121 Misc. 536; *Matter of Tarbell,* 99 N. Y. S. 2d 902. See, also, *Matter of Hahn,* 163 Misc. 70, and *Matter of Eaton,* 282 App. Div. 32.)

If the will directs the deduction of the indebtedness, the cases still hold the debt must be set off against a legacy even if barred by the Statute of Limitations. (*Matter of Cordier,* 168 Misc. 577.)

The most recent authority in respect to the question under consideration is *Matter of Riley* (281 App. Div. 612), which reaffirmed the rule laid down in the *Kimball* case and which rule this court must follow.

Although the decedent acquired the bond and mortgage early in 1933, he never demanded payment of principal or interest and in his will executed in October, 1947, some eight years after the Statute of Limitations had run, he made no reference whatsoever to the indebtedness but did make certain general and

specific legacies to the debtors. It follows therefore, that my answer to the question being debated is that there is no setoff against the legacies left Helen C. Minton and Henry M. Minton of the debt of $40,000 evidenced by the bond and mortgage.

Decree accordingly on notice.