Harry G. Herman, S.
The question involved in this accounting by the corporate executor concerns the claim asserted against the individual coexecutor for moneys concededly loaned to him by the decedent but against which loan the individual *28 executor has raised the bar of the Statute of Limitations. This executor admits that these borrowings total $10,500 and were made between January, 1949 and October, 1953. The decedent died on August 6, 1958; his will was admitted to probate in this court on September 19, 1958, and both executors qualified and are still functioning.
When the indebtedness was not paid, and the individual executor interposed the bar of the statute, the corporate executor in November, 1958, instituted an action in the Supreme Court of New York County, but this suit was discontinued voluntarily in September, 1959, without prejudice. Upon this accounting by the corporate executor, this claim is again asserted against the individual executor who urges again that the Statute of Limitations is available to him as a bar to this claim. Absent the bar of the statute, it is conceded that the claim would be payable. The corporate executor and the special guardian urge that once a debtor executor qualifies and continues to act as executor, he is precluded from raising the bar of the statute to a valid claim.
In support of his position, the individual executor argues that if the situation were reversed and that he, instead, had a claim against the estate, the estate would then be obligated to raise the bar of the statute (Butler v. Johnson, 111 N. Y. 204; Matter of Edgar, 148 Misc. 342), which no one disputes, and that he as an executor therefore should have the same right to raise the bar; that the fact that he is a fiduciary does not disqualify him from interposing the defense of the statute and cites Kimball v. Scribner (174 App. Div. 845) as his authority. This latter case is distinguishable; it involves a legatee who was indebted to the estate, and not a fiduciary, and the Appellate Division of this Department held that the legatee could raise the bar of the statute and was entitled to payment of his legacy. This was a reversal of the prior rule which authorized an executor to set off a debt that was due from a legatee, although barred by the Statute of Limitations (Matter of Church, 206 Misc. 421; Matter of Riley, 281 App. Div. 612).
Section 203 of the Surrogate’s Court Act provides that the naming of a person as an executor “ does not operate as a discharge or bequest of any just claim due or to become due which the testator had against him”. At common law, an executor’s debt to the estate was deemed discharged on the theory that an executor could not sue himself individually for the debt. The argument is therefore advanced here by the individual coexecutor that this is not a “just claim” because it has “ been disputed every inch of the way ”. The fallacy of *29 the latter argument is that there is no question about the validity of the loan but that only the interposition of the statute is claimed as a bar to recovery. The Statute of Limitations is a statute of repose and it is optional with a debtor as to whether he should or should not raise it; the claim exists but it is not collectible because of the bar of the statute.
The argument is also advanced that the executor stands in the shoes of decedent and, in this instance, the pleading of the statute in any suit brought by the decedent during his lifetime would have defeated the claim and that therefore the estate should have no greater or additional rights than the decedent possessed. That is not precisely the question. No one argues that the estate is seeking to avail itself of any greater rights than the decedent himself had; the point of the matter is whether an individual debtor who assumes the role of a fiduciary for his creditor’s estate can interpose the bar of the Statute of Limitations. In Matter of Consalus (95 N. Y. 340 a debtor executor urged that the loan made to him by the decedent was usurious and that it was therefore not collectible, but the court held that the defense of usury was not available to a debtor executor. Similarly the fact that an executor is unable to pay his debt due the estate did not discharge the executor and he was chargeable with the amount of the debt (Matter of Shaefitz, 6 Misc 2d 704). However, in the Matter of Farrell (121 Misc. 536) an executor who was also a legatee under his mother’s will pleaded the Statute of Limitations as to the debt and the court held there, apparently entirely as to the position of the legatee and not as to the position of executor, that the legatee could plead the statute. This court will not necessarily follow this latter case if there is any conclusion that can be interpreted that the Statute of Limitations can be raised by the executor as a bar.
If the defense of usury cannot be availed of by an executor in a transaction that is tainted with usury and if insolvency or inability to pay cannot be employed to defeat the claim due from an executor to the estate, then it would appear to this court that an executor should not be permitted to defeat an otherwise proper claim by raising the bar of the Statute of Limitations. The assumption of the responsibilities of an executor curtail or remove certain individual rights that an executor has in his relationship to the estate in which he acts. Activities are barred to him as executor, which he could freely employ as an individual, such as acting as a broker or in asserting claims against the estate. As executor of an estate and the executor as an individual are ‘£ in the contemplation of the *30 law, two separate and distinct individuals, although they are one and the same person. One suing or being sued in his official or representative capacity is, within the eyes of the law, a stranger to any right or liability which he possesses as an individual ” (Pardee v. Mutual Benefit Life Ins. Co., 238 App. Div. 294, 296; Leonard v. Pierce, 182 N. Y. 431). Accordingly, this court determines that this claim of the individual executor is not subject to the defense of the Statute of Limitations and that the amount that is due, with interest calculated at 4% from the due dates of the respective obligations, should be offset by the amounts due to the individual executor as fees and commissions.