Argued and submitted July 24, reversed and remanded with instructions
October 11, 1989

In the Matter of the Estate of
William E. Cochran, Deceased.

NORDLING,
*Respondent,*

*v.*

COCHRAN,
*Appellant.*

(E82-0418; CA A49574)

780 P2d 805

Jacquelyn Romm, Eugene, argued the cause for appellant.

With her on the briefs were Douglas R. Schultz, and Cass, Scott, Woods & Smith, Eugene.

Margaret E. Dailey, Roseburg, argued the cause for respondent. With her on the brief was Cegavske & Associates, P.C., Roseburg, Oregon.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals from an order of the trial court giving priority to plaintiff in the distribution of defendant's intestate share of an estate. We reverse and remand.

Defendant is decedent's widow, and plaintiff is decedent's daughter from a previous marriage. After decedent died, the trial court admitted his will to probate. Defendant had married decedent approximately two weeks before he died. In those two weeks, decedent changed his will and the beneficiary of his life insurance policies and executed a deed. All three transactions favored defendant. Plaintiff contested the validity of the will and filed a civil action against defendant seeking cancellation of the *inter vivos* transfers to defendant and seeking recovery of life insurance proceeds paid to defendant. The proceedings were consolidated. After a trial, the court set aside the will, voided the deed and awarded plaintiff a judgment against defendant that represented the amount of life insurance proceeds that defendant had received.

Ten months after the trial court entered its judgment, defendant assigned her interest in the intestate estate to her attorneys for the obligation owed by her to them for services rendered in the defense of the will contest and the civil action. Three years later, plaintiff served a writ of garnishment on the personal representative, seeking to execute on her judgment. The personal representative returned the certificate of garnishment without payment, because defendant's intestate share was subject to the earlier assignment to defendant's attorneys and to another assignment to a creditor.[1] Plaintiff moved for an order establishing priorities among the claims. The trial court held that plaintiff's judgment was entitled to priority because of the "equities" in favor of plaintiff.[2]

---

[1] The trial court found that FDIC, the successor in interest to the second assignee, waived any claim against the estate.

[2] The trial court found that "[t]he assignment * * * occurred after trial, but before the entry of the decree." Plaintiff concedes that finding to be in error. The trial court also held that the general principle that the assignment of a personal right, when made in good faith for sufficient consideration and without intent to defraud creditors, is enforceable is qualified by the proposition that the assignee of a distributive share, whether with or without notice of the distributee's indebtedness to the estate, takes subject to existing equities and is in no better position than the distributee would have occupied had the assignment not been made. *See Security Inv. Co. v. Miller,* 189 Or

In *Nelson v. Hansen,* 278 Or 571, 565 P2d 727 (1977), the Supreme Court held that a debtor who is about to be sued may lawfully transfer assets to counsel in consideration of future legal services in such litigation and that such a transfer will be upheld against the claims of other creditors, if the purpose of the transfer was not to defraud other creditors and if the consideration was adequate and no benefit was reserved to the debtor. 278 Or at 577. In *Nelson,* the deed in issue was executed to secure an obligation to pay attorney fees previously incurred as well as future fees. 278 Or at 574.

Plaintiff argues that the rule in *Nelson* should not apply, because defendant's attorneys are not *bona fide* assignees for value having no notice or knowledge of latent equities in favor of plaintiff, in that they knew that defendant was living out-of-state and that the only asset in Oregon was her intestate share of the estate. *See Akin v. Security S. & T. Co.,* 157 Or 172, 68 P2d 1047, 71 P2d 321 (1937).

■■■■  We hold that the trial court erred in according plaintiff's judgment priority. As a matter of law, a transfer of property to an attorney in consideration for past services rendered is generally valid against existing creditors, even though the transfer amounts to a preference of the attorney's claim against the debtor. *See Annot.,* 45 ALR2d 500, 501 (1956). Even in equity, a court does not have the authority to ignore existing principles of law in favor of its view of the equities. *See Community Bank v. Jones,* 278 Or 647, 670, 566 P2d 470 (1977). Moreover, we note that the equities do not necessarily preponderate in favor of plaintiff. There are no latent equities. Nothing prevented plaintiff from executing on her judgment before defendant made her assignment to her attorneys. While defendant may not have had any other in-state assets, there is no evidence that, to further her attempts to collect her judgment, plaintiff could not have used a judgment debtor's examination or registered her judgment in the state where defendant resided.

---

246, 252, 218 P2d 966 (1950); *Boise Payette Lbr. Co. v. Nat. Sur. Corp.,* 167 Or 553, 559, 118 P2d 1066 (1941); *Stanley v. United States Nat. Bk.,* 110 Or 648, 658, 224 P 835 (1924). However, defendant was not indebted to the estate. Further, unlike the situations in *Boise Payette Lbr. Co.* and *Stanley,* the cases relied on by the trial court, defendant was not a personal representative who committed waste.

Reversed and remanded with instructions to enter an order not inconsistent with this opinion.